504 A.2d 927

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Regis BROWN, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 23, 1985.

Filed Jan. 31, 1986.

454

Stanton D. Levenson, Pittsburgh, for appellant.

Joel M. Kaufman, Assistant District Attorney, Pittsburgh, for Com., appellee.

Before WICKERSHAM, WIEAND and BECK, JJ.

WIEAND, Judge:

Regis Brown was tried nonjury and was found guilty of driving while under the influence of alcohol in violation of 75 Pa.C.S. § 3731(a)(1). After the guilty verdict had been recorded, Brown requested orally that he be placed in the ARD program. His request was denied because it was untimely. In post-trial motions, Brown repeated his request that he be included in the ARD program and alleged that his pre-trial counsel had been ineffective for failing to file a pre-trial motion to compel the District Attorney to nominate him for the ARD program. The post-trial motions were also denied, and Brown was sentenced to pay a fine and undergo imprisonment for not less than forty-eight hours nor more than six months. On direct appeal from the judgment of sentence, Brown argues that his pre-trial counsel was ineffective for failing to move pre-trial to compel his acceptance into the ARD program and that the trial court, in any event, committed error in refusing to compel the

district attorney to accept him into the ARD program in response to his post-trial request. We reject these arguments and affirm the judgment of sentence.

In *Commonwealth v. Lutz*, 508 Pa. 297, 495 A.2d 928 (1985), the Supreme Court considered whether a person charged with driving while under the influence of alcohol might be admitted into an ARD program over objection by the district attorney. The Court held that "no criminal defendant, including a person charged with drunk driving, may move his own admission to ARD." *Id.*, 508 Pa. at 312, 495 A.2d at 936. Instead, the Court concluded, the several district attorneys "have the sole discretion ... to move for the admission of a defendant into ARD." *Id.*, 508 Pa. at 306, 495 A.2d at 932.

> [T]he decision to submit the case for ARD rests in the sound discretion of the district attorney, and absent an abuse of that discretion involving some criteria for admission to ARD wholly, patently and without doubt *unrelated* to the protection of society and/or the likelihood of a person's success in rehabilitation, such as race, religion or other such obviously prohibited considerations, the attorney for the Commonwealth must be free to submit a case or not submit it for ARD consideration based on his view of what is most beneficial for society and the offender.

*Id.*, 508 Pa. at 310, 495 A.2d at 935. See also: *Commonwealth v. Boerner*, 268 Pa.Super. 168, 407 A.2d 883 (1979), *appeal dismissed*, 491 Pa. 416, 421 A.2d 206 (1980). Cf. *State v. Dalglish*, 86 N.J. 503, 506, 432 A.2d 74, 75 (1981) (prosecutorial decision denying admission into pretrial intervention program subject to review for patent and gross abuse of discretion, i.e., subverting the goals underlying the pretrial intervention program).

There was no abuse of discretion by the District Attorney of Allegheny County in this case. Although his thought processes do not appear on the record, two significant facts do appear. While appellant was awaiting trial on the instant charges, he was again arrested and charged

with driving while under the influence of alcohol. Appellant concedes that his second arrest may have been a proper reason for refusing to admit him to the ARD program, but argues that this impediment was removed post-trial when he was acquitted in a separate trial. The ARD program, however, is a pre-trial diversionary program; and it is not available in lieu of sentencing after a defendant has been tried and found guilty. The pre-trial decision of the district attorney to withhold ARD for appellant does not appear to have been based upon improper considerations. It appears, rather, to have been based upon considerations of public protection and an unlikelihood that appellant would benefit from participation in the ARD program. Not only was there evidence of a second arrest while appellant was awaiting trial, but there was also a suggestion, contained in a pre-sentence investigation and referred to at sentencing, that appellant had once before been admitted to the ARD program. Under these circumstances, it cannot be said that the District Attorney's decision was subject to reversal for abuse of discretion.

■ Appellant's present counsel, who was also trial counsel, was not the same attorney who represented appellant during pre-trial negotiations with the district attorney regarding appellant's participation in the ARD program. Through present counsel, appellant contended in post-trial motions and contends now on appeal that pre-trial counsel was ineffective for failing to file a pre-trial motion to *compel* the district attorney to nominate appellant for ARD. It is readily apparent, however, that there is no merit in this contention. As we have seen, appellant had no right to demand participation in ARD; the decision was discretionary with the District Attorney of Allegheny County. *Commonwealth v. Lutz, supra.* A petition to compel the District Attorney to nominate appellant for ARD, therefore, would have been unavailing. Counsel will not be deemed ineffective for failing to file a nonmeritorious motion. See: *Commonwealth v. Bradley,* 326 Pa.Super. 262, 473 A.2d 1082 (1984); *Commonwealth v. Kenney,* 317 Pa.Super. 175,

463 A.2d 1142 (1983). See also: *Commonwealth v. Brinkley*, 505 Pa. 442, 480 A.2d 980 (1984); *Commonwealth v. Parker*, 503 Pa. 336, 469 A.2d 582 (1983); *Commonwealth v. Davis*, 331 Pa.Super. 285, 480 A.2d 1035 (1984).

The brief filed in this Court may conceivably be interpreted as implying that present counsel was also ineffective for failing to file a motion prior to trial to compel appellant's acceptance into the ARD program. Because we have decided this issue in the context of pre-trial counsel's stewardship, however, it is not necessary to remand so that appellant can employ new counsel. Compare: *Commonwealth v. Serianni*, 337 Pa.Super. 309, 486 A.2d 1349 (1984). With respect to any duty on the part of present counsel, the issue is moot. *Commonwealth v. Belmonte*, 349 Pa.Super. ——, ——, 502 A.2d 1241, 1250 (1985) (Opinion by Tamilia, J.).

The judgment of sentence is affirmed.