514 A.2d 919

COMMONWEALTH of Pennsylvania

v.

**Sean P. BURKE, Appellant.**

Superior Court of Pennsylvania.

Submitted June 3, 1986.

Filed Sept. 2, 1986.

Robert G. Kochems, Assistant Public Defender, Mercer, for appellant.

James P. Epstein, Assistant District Attorney, Sharon, for Commonwealth, appellee.

Before ROWLEY, CERCONE and DEL SOLE, JJ.

DEL SOLE, Judge:

Appellant was placed in an Accelerated Rehabilitative Disposition program (ARD) after having been charged with a violation of 75 Pa.C.S.A. § 3731.[1] Appellant's participation in the program was supervised by an agent of the Pennsylvania Board of Probation and Parole.

On November 28, 1984, the court received a memo from the Court Administrator indicating Appellant had failed to pay required fees or attend required counselling and driving classes. The court subsequently received a memo from Appellant's parole agent alleging Appellant's violation of ARD conditions and requesting the court conduct a hearing on the alleged violations. A revocation hearing was held on December 19, 1984, the court entered an order withdrawing the order which placed Appellant in the ARD program thereby removing Appellant from the program and further ordering the Commonwealth to proceed with the prosecution on the charges which gave rise to Appellant's admission into ARD. Prior to trial, Appellant filed an Omnibus Pretrial Motion, joined in by the District Attorney, wherein it was asserted that the Appellant was improperly removed from ARD because no petition for removal had been filed by the District Attorney. Following a hearing, the Motion

---

1. § 3731. Driving under influence of alcohol or controlled substance.
   (a) Offense defined.—A person shall not drive, operate or be in actual physical control of the movement of any vehicle while:
   (1) under the influence of alcohol to a degree which renders the person incapable of safe driving;
   (2) under the influence of any controlled substance, as defined in the act of April 14, 1972 (P.L. 233, No. 64), known as "The Controlled Substance, Drug, Device and Cosmetic Act," to a degree which renders the person incapable of safe driving; or
   (3) under the combined influence of alcohol and any controlled substance to a degree which renders the person incapable of safe driving; or
   (4) the amount of alcohol by weight in the blood of the person is 0.10% or greater.

was denied and the Appellant proceeded to trial where he was found guilty. A Motion for New Trial and for Reinstatement of ARD was filed and denied. Sentence was imposed and this appeal ensued.

The Appellant and the Commonwealth contend that a participant can be removed from an ARD program pursuant only to a motion filed by the District Attorney. We agree.

> In *Commonwealth v. Lutz*, 508 Pa. 297, 495 A.2d 928 (1985), the Supreme Court considered whether a person charged with driving while under the influence of alcohol might be admitted into an ARD program over objection by the district attorney. The Court held that 'no criminal defendant, including a person charged with drunk driving, may move his own admission to ARD.' *Id.*, 508 Pa. at [312], 495 A.2d at 932. Instead, the Court concluded, the several district attorneys 'have the sole discretion ... to move for the admission of a defendant into ARD.' *Id.*, 508 Pa. at [312], 495 A.2d at 932.

*Commonwealth v. Brown*, 350 Pa.Super. 453, 455, 504 A.2d 927, 928 (1986).

Once an individual is participating in ARD, Pa.R.Crim.P. 184(a) provides:

> [i]f the attorney for the Commonwealth files a motion alleging that the defendant during the period of the program has violated a condition thereof, or objects to the defendant's request for an order of discharge, the judge who entered the order for A.R.D. may issue such process as is necessary to bring the defendant before the Court.

*Id.*

In the case *sub judice*, not only did the attorney for the Commonwealth not file a motion pursuant to Pa.R.Crim.P. 184 but rather opposed the scheduling of the revocation hearing based on a petition of a parole agent. Our Supreme Court has held "that the rules of this Court governing ARD, ... are the sole applicable procedure by which a person charged with drunk driving may be admitted to ARD." *Commonwealth v. Lutz*, 508 Pa. at 312, 495 A.2d at 936. Similarly, we conclude that the rules of Criminal

Procedure governing ARD are the sole applicable procedure by which a person alleged to have violated the conditions of an ARD program may be removed.

Because the issue of whether or not Appellant should have been removed from the ARD program was not properly before the court pursuant to Pa.R.Crim.P. 184, the judgment of sentence is vacated and Appellant's participation in the ARD program should be reinstated.[2]

Judgment of sentence is vacated and the prior order of October 4, 1984 placing Appellant in the ARD program is reinstated. Jurisdiction relinquished.

ROWLEY, J., dissented.

**2.** The trial court has indicated in its Opinion that the issue is moot as Appellant has been re-arrested for unrelated crimes, including drunk driving. Therefore, it is argued that the court could not grant Appellant's motion for reinstatement of ARD, and were a new trial granted, the District Attorney could not move for pre-trial disposition through ARD due to Appellant's subsequent behavior. Clearly, "a legal issue can become moot on appeal as a result of an intervening change in the facts of the case, or an intervening change in the applicable law." *Commonwealth v. Smith,* 336 Pa.Super. 636, 640, 486 A.2d 445, 448 (1984). We cannot determine the status of the subsequent charges referred to by the trial court. It is possible that the charges could have been dismissed in which event the District Attorney may determine a motion should not be filed seeking Appellant's removal from ARD. We simply cannot say the issue is moot based on the record before us.