626 A.2d 1173

COMMONWEALTH of Pennsylvania, Appellee,

v.

Stephen John DARKOW, Appellant.

Superior Court of Pennsylvania.

Argued Feb. 18, 1993.

Filed May 11, 1993.

Reargument Denied July 16, 1993.

220

---

Michael P. Dignazio, Media, for appellant.

Joseph J. Mittleman, Asst. Dist. Atty., Media, for Com., appellee.

Before BECK, POPOVICH and BROSKY, JJ.

POPOVICH, Judge:

This case involves an appeal from the judgment of sentence for driving under the influence of alcohol (DUI)[1] by the defendant/appellant, Stephen John Darkow. We affirm.

After a non-jury trial, the appellant was found guilty of DUI and sentenced to 48 hours to 23 months imprisonment.[2] On appeal, the appellant challenges the District Attorney's refusal to admit him to Delaware County's Accelerated Rehabilitative Disposition (ARD) program. He argues that the District Attorney's reasons for refusing him access to ARD (his prior (1983) entry into an ARD program for DUI and his acquittal of DUI charges following a trial in 1988) are violative of his due process rights by visiting upon him, by collateral means, his 1988 acquittal for DUI and formulating conditions for

1. 75 Pa.C.S.A. § 3731(a).
2. The trial court permitted the appellant to remain on bail pending appeal.

entry into ARD contrary to legislatively mandated state-wide conditions. See Appellant's Brief at 6.

In *Commonwealth v. Lutz*, 508 Pa. 297, 495 A.2d 928 (1985), our Supreme Court addressed the question of whether the Commonwealth could be ordered to admit a defendant to ARD. The *Lutz* Court ruled that the District Attorney retained *sole discretion* in deciding whether a defendant was eligible for entry into an ARD program, and, as herein relevant, indicated what limitations could be affixed to a District Attorney's authority in submitting a case for ARD; to-wit:

Although the procedural posture of the cases consolidated herein is such that no challenge has been made to the district attorneys' exercise of discretion in not submitting these cases for ARD, we address the issue of the prosecutor's discretion because of language in the trial courts' opinions indicating that prior convictions are relevant to submission for ARD only if they are related to drunk driving. The implication is that if a district attorney refuses to submit a case for ARD because of a prior conviction unrelated to drunk driving, he may have abused his discretion.[3]

\* \* \* \* \* \*

3. The district attorneys refused to move for these defendants' admission[s] to the ARD programs for the following reasons:

\* No. 60 (Lutz): *defendant had a prior ARD* for receiving stolen property;

\* No. 61 (Nester): defendant had prior convictions of criminal trespass and theft;

\* No. 62 (Cline): defendant was charged within drunk driving in the present case within six months of being released from supervision under a prior ARD program for drunk driving;

\* No. 63 (Frick): *defendant was charged with other motor vehicle offenses* (fleeing a police officer and 5 counts of disobeying traffic signals) *as part of the same drunk driving transaction;*

\* No. 64 (Conway): *defendant was charged with other motor vehicle offenses* (driving while license was suspended or revoked) *as part of the same drunk driving transaction;*

\* No. 66 (Giamp): defendant had a prior conviction of pool selling and bookmaking;

\* No. 75 (Faust): defendant was charged with another motor vehicle offense (driving while his license was suspended or revoked) as part of the same drunk driving transaction;

\* No. 76 (Emert): *defendant had participated in an ARD program in 1977 for a drunk driving offense.*

\* No. 77 (MacAllister): defendant had prior convictions of robbery, attempted theft, criminal mischief and simple assault.

Contrary to the view of the trial courts, we do not believe that only prior offenses related to drunk driving are relevant to admission to an ARD program. What is relevant in moving a particular defendant's admission to ARD is whether he is the type of person who can benefit from the treatment offered by an ARD program, not whether he has been in trouble with alcohol and an automobile before.

This judgment, in turn, rests in the sound discretion of the district attorney. Such discretion, of course, is not without limitations.

\* \* \* \* \* \*

In all of the cases consolidated herein, the prosecutors have openly specified their reasons for not submitting the cases for ARD, and those reasons, while they may be subject to disagreement as to their wisdom, do not amount to an abuse of discretion.

*Since the judgment about who can benefit from ARD is subjective, and since society may be seriously damaged by a wrong judgment, the district attorney is not to be faulted if he errs on the side of caution. After all, the offenses with which the accused are charged in these cases involved the risking of the lives of themselves and others, and it may well be that some offenders are better rehabilitated by a mandatory jail sentence and a temporary loss of their license than a program of treatment and instruction.*

In any event, the decision to submit the case for ARD rests in the sound discretion of the district attorney, and absent an abuse of discretion involving some criteria for admission to ARD wholly, patently and without doubt *unrelated* to the protection of society and/or the likelihood of a person's success in rehabilitation, such as race, religion or other such obviously prohibited considerations, the attorney for the Commonwealth must be free to submit a case or not

submit it for ARD consideration based on his view of what is most beneficial for society and the offender.

508 Pa. at 308 & n. 3, 495 A.2d at 933, 934–35 & n. 3 (Emphasis added in part; citation omitted).

■ It is the appellant's contention that his exclusion from the ARD program because of a 1988 acquittal on a DUI charge and an 8–year–old conviction for DUI fall within *Lutz's* "other such obviously prohibited considerations" in making an ARD decision as to render the District Attorney's decision an abuse of discretion. Moreover, the appellant argues that the District Attorney's action violated his due process guarantee against wholly arbitrary and capricious conduct infringing upon his rights and liberties. See Appellant's Brief at 8, citing *Commonwealth v. Schaffer*, 447 Pa. 91, 288 A.2d 727 (1972).

*Lutz* instructs us that the Rules of Criminal Procedure 175–185, as modified by 75 Pa.C.S.A. § 3731(d) (prohibiting the attorney for the Commonwealth from moving certain cases to ARD, one being where the defendant has been in an ARD program within 7 years of his present efforts to seek ARD admission), are the sole applicable procedures by which a person charged with drunk driving may be admitted to ARD.

■ Further, before we may find an abuse of discretion, we must conclude that the criteria relied upon by the District Attorney was "wholly, patently and without doubt *unrelated* to the protection of society and/or the likelihood of a person's success in rehabilitation." Id. 508 Pa. at 310, 495 A.2d at 935 (Emphasis in original).

In *Commonwealth v. Brown*, 350 Pa.Super. 453, 504 A.2d 927 (1986), a panel of this Court concluded that the District Attorney of Allegheny County had not abused his discretion in denying the defendant access to ARD. It appears that while awaiting trial on the first DUI charge, the defendant was arrested on a second DUI offense. The fact that the defendant was acquitted in a separate trial of the second DUI offense was of no moment in refusing him ARD. In affirming the exclusion from ARD, we wrote:

The pre-trial decision of the district attorney to withhold ARD for appellant does not appear to have been based upon improper considerations. It appears, rather, to have been based upon considerations of public protection and an unlikelihood that appellant would benefit from participation in the ARD program. *Not only was there evidence of a second arrest while appellant was awaiting trial, but there was also a suggestion, contained in a pre-sentence investigation and referred to at sentencing, that appellant had once before been admitted to the ARD program. Under these circumstances, it cannot be said that the District Attorney's decision was subject to reversal for abuse of discretion.*

350 Pa.Super. at 456, 504 A.2d at 929 (Emphasis added).

Interestingly, in *Brown,* supra, the date of the prior admission to ARD was not mentioned. Similarly, in *Lutz,* supra, the Court did not cite the dates of the various defendants' prior convictions or the length of time which elapsed between participation in an ARD program and one's most recent efforts to seek ARD.

 Under 75 Pa.C.S.A. § 3731(d), a defendant is precluded from obtaining ARD status if he or she has been admitted to the same or similar type program within seven (7) years of his or her most immediate efforts to attain admission into ARD. However, the 7–year statute of limitations does not foreclose the Commonwealth from examining conduct of the defendant which falls outside the perimeters of the established time period. See, e.g., *Lutz,* supra; *Commonwealth v. Ebert,* 369 Pa.Super. 318, 535 A.2d 178 (1987) (Adjudication of delinquency can be looked to in assessing one's admission to ARD); *Commonwealth v. Roeder,* 353 Pa.Super. 137, 509 A.2d 373 (1986) (No abuse of discretion for District Attorney to look to 13–year–old felony conviction to keep the defendant out of ARD program); *Brown,* supra.

Paramount to the proper implementation of any ARD program is to assure that inclusion/exclusion promotes one or both of the objectives sought to be achieved by the program's

existence: protection of the public and/or the rehabilitation of the defendant. *Lutz,* supra.

From our examination of the Rules of Criminal Procedure governing ARD, the applicable provisions of the Motor Vehicle Code and the case law interpreting the objective(s) sought to be achieved under its auspices, we find it proper for the District Attorney to have looked to a prior ARD admission (notwithstanding its 8–year–old status) as a basis for refusing the appellant entry into the Delaware County ARD program. See *Lutz,* supra; *Brown,* supra; *Roeder,* supra.

As noted by *Lutz,* supra:

Society has no interest in blindly maximizing the number of ARD's passing through the criminal justice system.... Rather, society, for its own protection, has an interest in carrying out the penalties prescribed by the legislature for drunk driving, except in the cases where even society's representative in the case, the district attorney, acting in conjunction with the court, and subject always to the restrictions set out in Section 3731(d) (concerning persons who may not be admitted to A.R.D.) determines that A.R.D. is preferable to conviction because of the strong likelihood that a given criminal defendant will in fact be rehabilitated by an A.R.D. program.

508 Pa. at 307, 495 A.2d at 933. Additionally:

Since the judgment about who can benefit from ARD is subjective, and since society may be seriously damaged by a wrong judgment, the district attorney is not to be faulted if he errs on the side of caution....

508 Pa. at 310, 495 A.2d at 935.

■ Accordingly, with the preceding in mind, we have no hesitation in affirming the District Attorney's exclusion of the appellant from ARD because of his 1983 completion of an ARD program for DUI.[3]

Judgment of sentence affirmed.

---

3. We would note, however, that had the District Attorney relied *solely* upon the appellant's *acquittal* of a 1988 DUI charge as *the basis* for his

exclusion from ARD, we would hold that such a decision constitutes an abuse of discretion. Contrast *Lutz*, supra; *Brown*, supra.

In all of the cases examined, nowhere is it stated (expressly or impliedly) that a verdict of not guilty is to be ignored and permission is granted to look to the underlying charge to assess one's receptiveness into the ARD program. To allow such a factor to impact on the decision-making process, we believe, violates fundamental due process. *Commonwealth v. Shaffer*, 447 Pa. 91, 288 A.2d 727 (1972). A tenet which has been inextricably intertwined therein is the notion that a finding of not guilty is an exoneration of the accused and not an albatross which should follow an individual throughout the remainder of his life.

Even in the context of an expungement proceeding, absent the Commonwealth's proffering a reason for retention of one's arrest record short of a technical error or dismissal of the charge(s) at the district justice level, a defendant is to be granted exoneration of his record. See *Commonwealth v. Chacker*, 320 Pa.Super. 402, 467 A.2d 386 (1983). We would not expect any less of an "exoneration" of a defendant in a DUI context.

However, because, as stated earlier, there was sufficient justification for the district attorney to seek to disallow the appellant into the ARD program—prior admission to ARD—we need not remand to allow the appellant inclusion into the Delaware County's ARD program.