675 A.2d 261

COMMONWEALTH of Pennsylvania, Appellee,

v.

**Paul Michael BENN, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 24, 1996.

Decided April 16, 1996.

Roger B. Reynolds, Jr., Norristown, for P.M. Benn.

Mary MacNeil Killinger, Norristown, Maria L. Durante, for Commonwealth.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and NEWMAN, JJ.

*OPINION OF THE COURT*

FLAHERTY, Justice.

This is an appeal by allowance from an order of the Superior Court, 444 Pa.Super. 672, 663 A.2d 244, which reversed an order of the Court of Common Pleas of Montgomery County requiring that appellant, Paul Michael Benn, be placed in an accelerated rehabilitative disposition (ARD) program.

In 1993, appellant was charged with driving while under the influence of alcohol. To avoid facing trial on this charge, appellant requested admission to an ARD program. He completed an application which contained the following question:

Have you ever been arrested, charged, cited (including Vehicle Code violations) or held by any law-enforcement or juvenile authorities in the United States regardless of whether the citation or charge was dropped or dismissed or you were found not guilty or whether the record has been "sealed," expunged, or otherwise stricken from the court records on any occasion other than this arrest?

Appellant answered "no," even though he had previously been arrested for a violation of the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780–101 et seq. He served a term of probation pursuant to 35 P.S. § 780–117 (probation without verdict for drug dependent first time offenders).

Appellant's application for ARD was denied by the district attorney. Appellant was notified that he was ineligible for the program because of his "prior record." The present action challenging the district attorney's decision ensued.

The court of common pleas held that appellant's prior record had been expunged, and, hence, that there was no basis for the denial of ARD. The Superior Court reversed, reasoning that appellant prevaricated regarding his prior record and that this provided the district attorney with ample basis to conclude that appellant would not be susceptible to rehabilitation through ARD.

■ It is well established that admission to ARD rests with the discretion of the district attorney. As this court stated in *Commonwealth v. Lutz*, 508 Pa. 297, 310, 495 A.2d 928, 935 (1985):

> [T]he decision to submit the case for ARD rests in the sound discretion of the district attorney, and absent an abuse of that discretion involving some criteria for admission to ARD wholly, patently and without doubt *unrelated* to the protection of society and/or the likelihood of a person's success in rehabilitation, such as race, religion or other such obviously prohibited considerations, the attorney for the Commonwealth must be free to submit a case or not submit it for ARD consideration based on his view of what is most beneficial for society and the offender.

(Emphasis in original.) *Lutz* expressly recognizes, however, that the district attorney is not free to rely on "prohibited considerations" when deciding whether to submit a case to ARD. In a typical case, it would be proper to take into account an ARD applicant's prior record, veracity, and other characteristics. In the present case, however, provisions of the Controlled Substance, Drug, Device and Cosmetic Act require that certain factors be excluded from consideration.

■ With regard to records of persons placed on probation without verdict, the act provides:

> [T]he prosecuting attorney or the court, and the [Governor's Council on Drug and Alcohol Abuse] shall keep a list of those persons placed on probation without verdict, which list

*may only be used* to determine the eligibility of persons for probation without verdict and the *names on such lists may be used for no other purpose whatsoever.*

35 P.S. § 780–117(3) (emphasis added). Thus, lists of persons placed on probation without verdict cannot be used to determine eligibility for ARD.

Further, where, as in this case, a person has successfully completed his term of probation without verdict, the underlying criminal charges must be dismissed. 35 P.S. § 780–117(3) ("Upon fulfillment of the terms and conditions of probation, the court shall discharge such person and dismiss the proceedings against him.") The record must then be expunged in accordance with 35 P.S. § 780–119(a), which provides:

(a) Any records of arrest or prosecution or both for a criminal offense under this act ... shall be promptly expunged from the official and unofficial arrest and other criminal records pertaining to that individual when the charges are withdrawn or dismissed or the person is acquitted of the charges: Provided, That such expungement shall be available as a matter of right to any person only once. Within five days after such withdrawal, dismissal or acquittal the court, in writing, shall order the appropriate keepers of criminal records ... to expunge and destroy the official and unofficial arrest and other criminal records of that individual....

■ A record expunged under this provision cannot be considered by the district attorney when reviewing an application for ARD. It is provided in 35 P.S. § 780–119(b):

(b) *Any expunged record of arrest or prosecution shall not hereafter be regarded as an arrest or prosecution for the purpose of any* statute or regulation or license or *questionnaire* or any civil *or criminal proceeding or any other public or private purpose.* No person shall be permitted to learn of an expunged arrest or prosecution, or of the expunction, either directly or indirectly.

(Emphasis added.)

■ The question on the ARD application regarding expunged arrests or charges was plainly at odds with this

provision. The statute requires that expunged arrests and charges not be considered as arrests and charges for purposes of any questionnaire. Appellant's negative response to the question about expunged arrests or charges was not, therefore, without basis. Clearly, too, it was consistent with the statute's policy of shielding such records from disclosure. The ARD questionnaire effectively delved into matters, i.e., expunged records and probation without verdict, that were not proper for consideration in determining ARD eligibility. These were, in the words of *Lutz*, supra, "prohibited considerations."

■ Under the Controlled Substance, Drug, Device and Cosmetic Act, probation without verdict is available only in cases involving nonviolent offenses of a relatively minor nature. 35 P.S. § 780–117. Expungement of the record is available as a matter of right to any person only once. 35 P.S. § 780–119. The legislature has made it clear that, in the limited realm of cases where probation without verdict and expungement apply, privacy must be maintained by shielding records from disclosure.

■ By considering appellant's probation without verdict and expunged record, the district attorney committed an abuse of discretion. The abuse was compounded by weighing negatively the fact that appellant denied having a prior record. The only way that the district attorney could have known of appellant's record was to have had access to information that, by statute, should have been unavailable.* Further, the intent of the probation without verdict and expungement statutes would be obviated if the district attorney could use the ARD questionnaire to force disclosure of matters that the legislature has made private.

---

* The Commonwealth conceded to the trial court that appellant successfully completed his term of probation without verdict. The court determined that the record had been expunged. The Commonwealth now claims that the record was not in fact expunged and that appellant's prior offense became known through a standard criminal records check. Even assuming, arguendo, that there was a failure to adequately expunge the record, it is clear that expunction was statutorily required.

150

The Superior Court erred in reversing the order of the court of common pleas directing that appellant be placed in an ARD program.

Order reversed.

## ORDER

PER CURIAM:

AND NOW, this **16th** day of **April, 1996,** appellee's "Motion Under Rule 105 to Include in the Record of Appeal Certified Copies of Documents Demonstrating the Truthfulness of the Commonwealth's Assertion" and appellant's "Motion to Strike and Answer and New Letter to Appellee's Motion Under Rule 105" are denied.

NIGRO, J., did not participate in the consideration or decision of this case.