**COMMONWEALTH of Pennsylvania**

v.

**Suzanne M. BELVILLE, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 10, 1998.

Filed April 9, 1998.

Joseph A. Ciccitto, Collegeville, for appellant.

Patricia E. Coonahan, Assistant District Attorney, Cheltenham, for Com., appellee.

Before TAMILIA, OLSZEWSKI and BECK, JJ.

TAMILIA, Judge:

Following an April 1997 nonjury trial, appellant, Suzanne Belville, was found guilty of driving under the influence of alcohol.[1] She appeals from her August 15, 1997 judgment of sentence imposing a forty-eight (48) hour to twenty-three (23) month term of imprisonment.

---

1. 75 Pa.C.S.A. § 3731(a).

On appeal, appellant claims the prosecution abused its discretion in refusing to admit her to the Accelerated Rehabilitative Disposition (ARD) program. The facts as they pertain to this issue have been summarized by the trial court and are as follows.

In 1987, Appellant was placed into the ARD program following her arrest for DUI. In [April] of 1996, the Appellant was, again, arrested for DUI. In September of the same year, Appellant applied for and received an expungement of the 1987 ARD disposition.[3] In November of 1996, the Appellant applied for an ARD for the 1996 DUI charge. The District Attorney's Office denied the application.

The District Attorney's Office has an unwritten policy which denies admittance into the ARD program to those who have previously received an ARD.[4] In furtherance of this policy, the District Attorney's Office keeps a list of individuals who previously received ARD dispositions; thus, the Assistant District Attorney in charged [sic] of the ARD program was aware of the Appellant's prior ARD for DUI. Nonetheless, when asked on her ARD application for her current DUI charge if she had ever been 'arrested, charged, cited (including Vehicle Code violations) or held by any law-enforcement or juvenile authorities in the United States regardless of whether the citation or charge was dropped or dismissed or you were found not guilty or whether the record had been "sealed", expunged, or otherwise stricken from the court records on any occasion other than this arrest,' Appellant responded in the negative. This response was obviously untrue in light of Appellant's 1987 arrest. Accordingly, this false information, coupled with the fact that Appellant had already received an ARD disposition, prompted the District Attorney's Office to deny Appellant admittance into the program.

---

[3] During pretrial motions, Appellant's counsel conceded that his purpose in seeking an expungement of the 1987 ARD for his client was to facilitate the process of seeking an ARD disposition for the current offense.

[4] The District Attorney's Office also prohibits entry into the ARD program to those individuals who give false or misleading information on the ARD application.

(Slip Op., Carpenter, J., 10/2/97, pp. 1–3; citations omitted.)

"Paramount to the proper implementation of any ARD program is to assure that inclusion/exclusion promotes one or both of the objectives sought to be achieved by the program's existence: protection of the public and/or the rehabilitation of the defendant." *Commonwealth v. Darkow*, 426 Pa.Super. 219, 224–25, 626 A.2d 1173, 1176 (1993), *alloc. denied*, 537 Pa. 629, 642 A.2d 483 (1994). "[T]he decision to submit [a] case for ARD rests in the sound discretion of the district attorney." *Id.* at 222, 626 A.2d at 1174.

In *Commonwealth v. Lutz*, 508 Pa. 297, 495 A.2d 928 (1985), our Supreme Court established the parameters of this prosecutorial discretion. "Since the judgment about who can benefit from ARD is subjective, and since society may be seriously damaged by a wrong judgment, the district attorney is not to be faulted if he errs on the side of caution." *Id.* at 310, 495 A.2d at 934. However, where the criteria for admission to ARD is "wholly, patently and without doubt *unrelated* to the protection of society and/or the likelihood of a person's success in rehabilitation", an abuse of discretion exists. *Id.* at 310, 495 A.2d at 935 (emphasis in original). Criteria "such as race, religion or other such obviously prohibited considerations", if considered by the district attorney, will constitute an abuse of discretion. *Id.* at 310, 495 A.2d at 935.

Appellant's arguments may be summarized as follows: as her previous ARD disposition occurred over seven years ago and as the record regarding the disposition has been expunged, consideration of her prior record and her failure to disclose it are prohibited. Upon careful review of the cases and statutes applicable to this matter, we find appellant's argument fails to establish any prosecutorial misconduct.

Pursuant to the Motor Vehicle Code, ARD is not available to defendants who have been admitted to ARD within seven years of the date of their current offense. 75 Pa.C.S. § 3731, **Driving under influence of alcohol**

or controlled substance, (d) **Certain dispositions prohibited.** "However, [this] 7-year statute of limitations does not foreclose the Commonwealth from examining conduct of the defendant which falls outside the perimeters of the established time period." *Darkow, supra* at 224, 626 A.2d at 1176, *citing Lutz, supra. Commonwealth v. Ebert,* 369 Pa.Super. 318, 535 A.2d 178 (1987), *Commonwealth v. Roeder,* 353 Pa.Super. 137, 509 A.2d 373 (1986). Moreover, as this Court concluded in *Darkow, supra,* consideration of a prior ARD as a basis for refusing to offer a subsequent ARD is not improper even where the prior ARD is over seven years old. Based upon the foregoing, it is clear the argument the prior ARD could not be considered because it is over seven years old is without merit.

The remaining issue is whether the fact the ARD was expunged changes its status from a proper to a prohibited consideration. Appellant argues a record expunged cannot be considered by the district attorney in determining eligibility for ARD and cites *Commonwealth v. Benn,* 544 Pa. 144, 675 A.2d 261 (1996), in support of her position. We have reviewed *Benn* and found it analogous to this case, though not supportive of appellant's argument.

In *Benn,* our Supreme Court was asked to decide whether a defendant's prior probation without verdict pursuant to the Controlled Substance, Drug, Device and Cosmetic Act[2] (the Act) was a "prohibited consideration" for determining ARD eligibility. The court in *Benn* reviewed section 780–117(3) of the Act, Probation without verdict, which provides in pertinent part as follows: "[T]he prosecuting attorney ... shall keep a list of those persons placed on probation without verdict, *which list may only be used to determine the eligibility of persons for probation without verdict* and the names on *such lists may be used for no other purpose whatsoever.*" (Emphasis added.) As a result of this provision, the court determined an expunged *probation without verdict* "cannot be considered by the district attorney when reviewing an application for ARD." *Benn,* at 148, 675

A.2d at 263. Additionally, 35 P.S. § 780–119, **Expunging criminal records,** provides for mandatory expunction of the record following successful completion of probation without verdict. Therefore, as the list of probation without verdict participants was unavailable to the prosecution for determining ARD eligibility and the probation without verdict record had been expunged, Benn's failure to divulge the information of his probation without verdict on the ARD questionnaire was found to be "consistent with the statute's [3] policy of shielding such records from disclosure." *Benn* at 149, 675 A.2d at 263. "The only way that the district attorney could have known of appellant's record was to have had access to information that, by statute, should have been unavailable." *Id.* at 149, 675 A.2d at 264.

In the case presently before this Court, appellant complains the district attorney is precluded from considering her prior expunged ARD and her failure to disclose its existence upon inquiry. Analogous to 35 P.S. § 780–117(3) (governing lists of probation without verdict participants), 18 Pa.C.S. § 9122 permits maintenance of a list reflecting the names of ARD participants.

Notwithstanding any other provision of this chapter, the prosecuting attorney and the central repository shall, and the court *may, maintain a list of the names* and other criminal history record information *of persons whose records are required by law or court rule to be expunged where the individual has successfully completed the conditions of any pretrial or post-trial diversion or probation program. Such information shall be used solely for the purpose of determining subsequent eligibility for such programs* and for identifying persons in criminal investigations. Criminal history record information may be expunged as provided in subsection (b)(1) and (2). Such information shall be made available to any court or law enforcement agency upon request.

18 Pa.C.S. § 9122, **Expungement, (c) Maintenance of certain information required or authorized** (emphasis added).

---

2. 35 P.S. § 780–101 *et seq.*

3. 35 P.S. § 780–119(b).

■ Based upon our examination of the record and the provisions governing ARD and criminal history record information, we find it both proper and completely appropriate for the district attorney to have considered appellant's prior ARD, notwithstanding its expunction from her record. Section 9122 makes explicit the prosecution's ability to maintain the ARD information when it is expunged for the precise purpose for which it was used in this case, that is "determining subsequent eligibility *for ARD*". The only remaining question is whether the failure of appellant to disclose her expunged ARD is barred from consideration by the district attorney pursuant to the holding in *Benn.*

■ In *Benn,* the district attorney was subject to the following provision regarding probation without verdict.

(b) Any expunged record of arrest or prosecution shall not hereafter be regarded as an arrest or prosecution for the purpose of any statute or regulation of license or questionnaire or any civil or criminal proceeding or any other public or private purpose. No person shall be permitted to learn of an expunged arrest or prosecution, or of the expunction, either directly or indirectly.

35 P.S. § 780–119(b). As the statute clearly prohibits the use of an expunged probation without verdict in any questionnaire, "[t]he ARD questionnaire effectively delved into matters, i.e., expunged records and probation without verdict, that were not proper for consideration in determining ARD eligibility. These were, in the words of *Lutz, supra,* 'prohibited considerations.'" *Benn* at 147, 675 A.2d at 263. Absent a similar prohibition with respect to expunged ARDs, we find the questioning in the present case does not inquire into an "obviously prohibited consideration".

Moreover, the Commonwealth explained on the record its "main reason for rejection" of appellant's ARD application was the prior ARD (T.T., 4/22/97, p. 13). Also considered was the fact that when questioned about any prior vehicle code violations, appellant failed to disclose her prior ARD for the 1987 DUI, for it is the policy of the Montgomery County District Attorney "to deny the ARD applica-

tion of any applicant who fails to answer the questionnaire honestly". (Appellee's Brief, p. 7.) The Commonwealth stated such inquiry about prior ARDs is necessary to discover whether the applicant has received ARD previously, perhaps within another county's jurisdiction (T.T. at 11–12). It is apparent the purpose of the question is to ensure the prosecution is fully aware of the applicant's rehabilitation history. A truthful response to the question would aid the prosecution in determining whether an applicant likely will benefit from another ARD or whether the public is better protected by denying the applicant access to ARD. Conversely, a dishonest response might in turn result in a decision which will neither rehabilitate the applicant nor protect the public. As the question and its response are rationally related to the objectives sought to be achieved by ARD, we find consideration of the response by the district attorney to have been proper and appropriate.

As those matters considered in determining appellant's eligibility for ARD are not prohibited and clearly are related to both the likelihood appellant will be rehabilitated and the need to protect the public from drunk drivers, we find no evidence of prosecutorial misconduct and affirm the August 15, 1997 judgment of sentence.

Judgment of sentence affirmed.