**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Brian Michael FLEMING, Appellee.**

Superior Court of Pennsylvania.

Argued June 25, 2008.

Filed Aug. 15, 2008.

---

Seth F. Bortner, Assistant District Attorney, York, for Commonwealth, appellant.

Jeffery A. Rowe, York, for appellee.

BEFORE: STEVENS, MUSMANNO and TAMILIA, JJ.

OPINION BY TAMILIA, J.:

¶ 1 The Commonwealth appeals from the October 29, 2007, Order granting appellee Brian Fleming's petition to direct the District Attorney of York County to accept him into the Accelerated Rehabilitative Disposition (ARD) program. Citing a 1998 Maryland felony drug conviction, the Commonwealth had refused to accept appellee into ARD following his March 14, 2007, arrest for driving under the influence (DUI).

¶ 2 On appeal, the Commonwealth states one issue for our consideration. "Did the District Attorney abuse his discretion when he followed established policies and procedures and denied [appellee's] ARD application based on a prior felony conviction?" Appellant's brief at 4. Appellee, however, sets forth a better analysis of the question involved in his counterstatement. "Whether the trial court erred in finding that the district attorney abused his discretion in denying appellee admittance into an accelerated rehabilitative disposition program because of a prohibited consideration, to wit, appellee's expunged conviction from the state of Maryland?" Appellee's brief at 4.

¶ 3 Citing *Commonwealth v. Lutz,* 508 Pa. 297, 310, 495 A.2d 928, 935 (1995), the Commonwealth argues it has discretion to submit a case for ARD, and

> absent an abuse of that discretion involving some criteria wholly, patently and without doubt unrelated to the protection of society and/or likelihood of a person's success in rehabilitation, such as race, religion or other such obviously prohibited considerations, the district attorney is free to make his decision based upon what is most beneficial to society and the offender.

*Id.* The Commonwealth explains that its reason for rejecting appellee as a participant in ARD was because, contrary to appellee's sworn statement on his application for ARD, its investigation revealed appellee had a felony conviction less than 10 years old on his record, thereby eliminating him as a candidate for ARD based upon York County established policies and procedures. The Commonwealth further contends that the fact appellee subsequently requested and was immediately granted expungement of the Maryland conviction does not change the fact the conviction existed at the time of application, and it therefore was justified in denying appellee's acceptance into ARD.

¶4 The facts as gleaned from the record follow. On March 14, 2007, appellee was arrested and charged with two counts of driving while under the influence of alcohol[1] and a summary traffic violation.[2] He applied for acceptance into ARD on May 2, 2007, and on that application, in response to the query whether there existed on his record "any violation of the law both as a juvenile and adult in any state including prior ARDS," which "may result in [his] application being rejected," appellee stated, "[p]riors in MD have been expunged; therefore, none." Record, No. 5. The Commonwealth denied appellee's application on June 14, 2007, indicating that its criminal background check of appellee revealed a 1998 felony conviction in Maryland. Record, No. 7. Appellee, who was under the impression the conviction had been expunged, immediately contacted Maryland authorities and an Order of expungement relative to the 1998 drug-related conviction was entered on or about August 8, 2007. Record, No. 15(b), Exhibit D.

¶5 In the interim, on July 24, 2007, appellee filed a motion for a continuance of the underlying DUI proceedings, and therein requested that his application for acceptance into ARD be reconsidered once his Maryland record was expunged. Record, No. 11. The district attorney denied the request on August 17, 2007, once again citing the 1998 felony conviction in Maryland, despite the conviction having been expunged. Record, No. 12.

¶6 On August 27, 2007, appellee filed a motion to compel his acceptance into ARD. Record, Nos. 15(b). At the September 28, 2007, hearing thereon, the Commonwealth maintained that appellee should be denied acceptance into ARD because "he had a

criminal record whenever he originally applied." N.T., 9/28/07, at 2. The trial judge restated the Commonwealth's position regarding denial of acceptance into ARD as follows.

[I]f there are any charges outstanding at the time of the application for ARD, regardless of whether the person knew or did not know about the expungement, that because those charges, even though subsequently expunged properly by whichever state or even if Commonwealth or Delaware or, in this case Maryland—

. . .

—that the Court—the District Attorney's Office will not permit a reconsideration based upon the fact that the person does not now have a record.

*Id.* The Commonwealth agreed with the court's summary of its position. The court took the matter under advisement and thereafter entered the underlying Order directing the district attorney to accept appellee into the ARD program. Record, No. 17.

¶7 On November 9, 2007, the Commonwealth filed a timely notice of appeal as well as a certification pursuant to Pa. R.A.P. 311, **Interlocutory Appeals as of Right (d) Commonwealth appeals in criminal cases,** stating that the Order would terminate or substantially handicap its prosecution. Record, No. 18(a) & (b). Thereafter, the Commonwealth filed a timely 1925(b) statement of matters complained of on appeal arguing it was within its discretion to deny appellee acceptance into ARD, and the court erred by forcing it to do so. Record, No. 20.

---

1. 75 Pa.C.S.A. § 3802.

2. *Id.* at § 4303, **General Lighting Requirements.**

¶ 8 In *Commonwealth v. Gano*, 781 A.2d 1276, 1279 (Pa.Super.2001), citing our prior decision in *Commonwealth v. Gano*, 756 A.2d 680, 682 (Pa.Super.2000), this Court stated the standard of review to be employed when considering the trial court's denial of admission into ARD is an abuse of discretion standard. It logically follows that when reviewing an order directing admission into an ARD program, the standard remains the same.

The term 'discretion' imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

*Commonwealth v. Widmer*, 560 Pa. 308, 744 A.2d 745, 753 (2000). "Paramount to the proper implementation of any ARD program is to assure that inclusion/exclusion promotes one or both of the objectives sought to be achieved by the program's existence: protection of the public and/or the rehabilitation of the defendant." *Commonwealth v. Darkow*, 426 Pa.Super. 219, 626 A.2d 1173, 1176 (1993). "The decision to submit [a] case for ARD rests in the sound discretion of the district attorney." *Id.* at 1174.

¶ 9 In *Commonwealth v. Lutz*, 508 Pa. 297, 495 A.2d 928 (1985), our Supreme Court established the parameters of this prosecutorial discretion. Since the judgment regarding who can benefit from ARD is subjective, and because society may be seriously damaged by the wrong judgment, the district attorney is not to be faulted if he errs on the side of caution. *Id.* at 934. Where the criteria for admission to ARD is "wholly, patently and without doubt *unrelated* to the protection of society and/or the likelihood of a person's success in rehabilitation," however, an abuse of discretion exists. *Id.* at 935 (emphasis in original). Criteria "such as race, religion or other such obviously prohibited considerations", if considered by the district attorney, will constitute an abuse of discretion. *Id.*

¶ 10 The issue before us is whether appellee's expunged criminal record from Maryland is a "prohibited consideration" that the district attorney should not have used in evaluating appellee for admission to ARD. The key question is whether the statute in question, in this case the Maryland expungement statute, § 10–105, intended for the records of appellee's expungement to be a "prohibited consideration" that the district attorney legally was precluded from considering. *See Commonwealth v. Benn*, 544 Pa. 144, 147, 675 A.2d 261, 263 (1996).

¶ 11 In *Benn*, appellant's record was expunged pursuant to statute following his successful completion of probation without verdict (PWOV) following a violation of the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780–101 *et seq.* That Act requires the prosecuting attorney or the court and the Governor's Council on Drug and Alcohol Abuse to keep a list of persons placed on probation without verdict, " 'which list *may only be used* to determine the eligibility of persons for probation without verdict and the *names on such lists may be used for no other purpose whatsoever.*' " *Benn* at 263, *quoting* 35 P.S. § 780–117(3) (emphasis in *Benn* ). The Act further provides that

charges be dismissed against a person successfully completing his term of PWOV, and that the record then be expunged. 35 P.S. §§ 780–117(3), 119(a). Additionally, the Act states:

> · (b) *Any expunged record of arrest or prosecution shall not hereafter be regarded as an arrest or prosecution for the purpose of any* statute or regulation or license or *questionnaire* or any civil *or criminal proceeding or any other public or private purpose.* No person shall be permitted to learn of an expunged arrest or prosecution, or of the expunction, either directly or indirectly.

*Benn* at 263, quoting 35 P.S. § 780–119(3) (emphasis in *Benn*). Thus, our Supreme Court found Benn's expunged record was a "prohibited consideration" for purposes of determining eligibility for ARD because a statute expressly prohibited its consideration. *Id.* As a result, the Court also found the district attorney was precluded from including on its questionnaire a question requiring Benn to reveal his expunged PWOV for drug-dependent first-time offenders.

¶ 12 Also analogous to the case before us is *Commonwealth v. Belville,* 711 A.2d 510 (Pa.Super.1998). Belville received ARD for a DUI in 1987, and in April of 1996, she was again arrested for DUI. She applied for and received an expungement of the 1987 ARD disposition in September of 1996, then applied for ARD on the latter charge, falsely claiming no previous charges had been expunged. The application was denied based on the previous admittance to ARD and for giving false information. Belville, citing *Benn,* appealed on the grounds that since the record of her disposition had been expunged, the consideration of her prior record and her failure to disclose it were prohibited from being considered by the district attorney in determining ARD eligibility. This Court found the proper analysis under *Benn* was to examine the statute in question to determine if it prohibited use of the records by the district attorney when considering an application for ARD, as did 35 P.S. § 780–117(3) in *Benn. Belville* at 512–513.

¶ 13 In *Belville,* the Pennsylvania statute in question, 18 Pa.C.S.A. § 9122, **Expungement,** (c) specifically directed the district attorney's office to keep a list of ARD participants for the purpose of determining future eligibility. As such, the expunged record of Belville's participation in ARD was not a "prohibited consideration" and truthful answers regarding previous enrollment in ARD appropriately were required on the ARD application. Due to Belville's previous enrollment in ARD and false answer on the ARD application, therefore, relief on appeal properly was denied.

¶ 14 We point out that unlike Bellville who lied on her ARD application, in this case the trial court found appellee was truthful regarding his prior record when he stated, "[p]riors in MD have been expunged, therefore, none" in a reasonable belief his record had been expunged. Trial Court Opinion, Blackwell, J., 10/29/07, at 2.

¶ 15 A similar analysis of the issue was conducted in *Commonwealth v. Jagodzinski,* 739 A.2d 173 (Pa.Super.1999), where this Court considered whether an Ohio Statute, at times permitting a defendant's first conviction to be sealed, rose to the level of a prohibited consideration. The Court concluded that statute section 2953.32, **Sealing of record of conviction or bail forfeiture,** specifically allowed inspection of the sealed records for just nine reasons. Pertinent to our discussion regarding ARD, the sealed records could be inspected by a prosecutor to determine whether the nature and character of the

offense with which a person was to be charged would be affected by virtue of the person's previously having been convicted of a crime; or by any prosecuting attorney or the assistants of the prosecuting attorney to determine a defendant's eligibility to enter a pre-trial diversion program; or by the bureau of criminal identification and investigation or any authorized employee of the bureau for the purpose of performing a criminal history records check on a person. *Id.* Additionally, in any criminal proceeding, the statute allows for proof of any otherwise admissible prior conviction to be introduced and proved, notwithstanding the fact that for any such prior conviction an order of sealing previously was issued pursuant to sections 2953.31 to 2953.36 of the Revised Code. *See Jagodzinski* at 178–179, *quoting* OHIO REV. CODE ANNOTATED § 2953.32(A)(1). This Court held that Ohio records sealed pursuant to section 2953.32 were not prohibited considerations because the provisions of the Ohio statute allowed access to the sealed record upon conviction of a subsequent offense.

¶ 16 It is, therefore, necessary for us to examine the Maryland expungement statute to determine if appellee's expunged records are a prohibited consideration under *Benn.* We conclude the Maryland statute, Md.R.Crim.Pro. § 10–105, **Expungement of record after charge is filed,** evidences a clear intent to prevent access to the records and the expunged records are to be considered prohibited considerations.

¶ 17 Under Maryland law, once an order for expungement is entered, the custodian of records for each of several departments and agencies must file a certificate of compliance within 60 days and the records are to be sealed immediately and removed from public inspection. *Id.* § 4–510; 511. Once sealed, the records are retained for

three years and protected by criminal penalties for unauthorized disclosure. *Id.* § 4–512. During the three years the records are sealed prior to destruction, they can be opened only for a narrow set of reasons and never without a court order. Opening the records with an order is possible after notice is given to the person whom the record concerns, a hearing, and the showing of good cause or with an *ex parte* order with a verified petition filed by the state's attorney alleging the expunged record is needed by a law enforcement unit for a pending criminal investigation and the investigation will be jeopardized or life or property will be endangered without immediate access to the expunged record. *Id.* § 10–108. After three years the records, including all court records, are physically destroyed. *Id.* § 4–502(d), 512. Finally, Maryland law prohibits expunged material from being disclosed for employment purposes, including state employment. *Id.* § 10–109.

¶ 18 Moreover, in 1993 the Fourth District Court declared, "Maryland's expungement statute thus evidences an intent to prevent consideration of expunged records by parties other than the State of Maryland." *United States v. Bagheri,* 999 F.2d 80, 84 (4th Cir.1993). There is no suggestion by the Commonwealth herein of a pending criminal investigation or any jeopardy to life or property that would justify opening these expunged records. In light of these facts, we agree with the trial court and find the records expunged under the Maryland statute are prohibited considerations.

¶ 19 In conclusion, because appellee truthfully answered his ARD application to the best of his knowledge, and the Maryland expungement statute clearly intends for expunged records to be unobtainable except under special circumstances, appellee's expunged record of

conviction for felony drug possession is a prohibited consideration for purposes of an ARD application. Accordingly, the trial court properly compelled the district attorney to accept appellee into ARD.

¶ 20 Order affirmed.