J-A04001-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| H.C.G. | : | |
| | : | |
| Appellant | : | No. 1472 MDA 2021 |

Appeal from the Judgment of Sentence Entered October 18, 2021
In the Court of Common Pleas of Mifflin County Criminal Division at
No(s):  CP-44-CR-0000110-2021

BEFORE:  STABILE, J., DUBOW, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.:          **FILED: MAY 15, 2023**

Appellant, H.C.G., appeals from the judgment of sentence entered on October 18, 2021, after the trial court convicted him of, *inter alia*, Driving Under the Influence ("DUI")—General Impairment. Appellant challenges the trial court's denial of his motion to compel his inclusion in the Mifflin County accelerated rehabilitative disposition ("ARD") program.[1] After careful review, we remand for further proceedings.

On February 5, 2021, the Commonwealth charged Appellant with, *inter alia*, DUI—General Impairment.[2] This was Appellant's first DUI offense. At

---

[1] ARD "is a pretrial disposition of certain cases, in which the attorney for the Commonwealth agrees to suspend prosecution for an agreed upon period of time in exchange for the defendant's successful participation in a rehabilitation program, the content of which is to be determined by the court and applicable statutes." **Commonwealth v. Lutz**, 495 A.2d 928, 931 (Pa. 1985).

[2] 75 Pa.C.S. § 3802(a)(1).

some point between February 5, 2021, and May 20, 2021, Appellant submitted a request to the Mifflin County District Attorney's Office that his case be considered for admission into the ARD program. The Commonwealth denied Appellant's request.

On May 20, 2021, Appellant filed a motion to compel, seeking admission into the ARD program.[3] On June 8, 2021, the trial court held a hearing on Appellant's motion. At this hearing, the Commonwealth explained that in light of *Commonwealth v. Chichkin*, 232 A.3d 959 (Pa. Super. 2020), discussed *infra*, the district attorney's office had instituted a policy of "not offering ARDs across the board for DUIs here in Mifflin County."[4]

On July 19, 2021, the court denied the motion. On October 18, 2021, Appellant proceeded to a stipulated bench trial where the court convicted him of, *inter alia*, DUI. The court sentenced Appellant the same day.[5]

Appellant timely filed a Notice of Appeal and both he and the trial court complied with Pa.R.A.P. 1925. Appellant raises the following issues on appeal:

> 1. Did the trial court abuse its discretion in holding that the Commonwealth's denial of ARD for all [DUI] charges did not violate statutory mandates that ARD be considered in such cases as set forth in 75 Pa.C.S. § 3807 and 75 Pa.C.S. §[ ]1552 and constitute an abuse of discretion?

---

[3] We note that Appellant styled his motion as seeking to compel the Commonwealth to move for his admission into the ARD program.

[4] N.T. Hr'g, 6/8/21, at 7.

[5] The court sentenced Appellant to 6 months' probation and granted him bail pending appeal.

2. Did the trial court err in holding that the Commonwealth did not abuse its discretion in denying ARD in the instant matter when said denial was based solely as a response to the Superior Court's decision in *Chichkin*,[ 232 A.3d 959] which held that ARD was no longer a "prior offense" of DUI, so said denial was patently and without doubt unrelated to the protection of society and/or the likelihood of a person's success in rehabilitation?

Appellant's Br. at 4.

On appeal, Appellant challenges the trial court's denial of his motion to compel his admission into the ARD program.[6] Appellant's Br. at 8-27. Appellant argues that the Commonwealth's blanket refusal to admit DUI offenders into the ARD program is impermissible, as it is not related to the protection of the public or the defendant's rehabilitation. *Id.* As a result, the trial court erred by refusing to compel his admission into the program. *Id.* After careful review, we agree.

Section 3807 of the Motor Vehicle Code states that "a defendant charged with a violation of [S]ection 3802 (relating to [DUI]) may be considered by the attorney for the Commonwealth for participation in an [ARD] program[.]" 75 Pa.C.S. § 3807(a)(1). The decision to submit a case for ARD is in the discretion of the Commonwealth. *Commonwealth v. LaBenne*, 21 A.3d 1287, 1291 (Pa. Super. 2011). *See also* Pa.R.Crim.P. 310.

The Commonwealth enjoys broad discretion in determining whether to submit a case for ARD. *Commonwealth v. Pypiak*, 728 A.2d 970, 972 (Pa. Super. 1999). The Commonwealth's discretion is cabined only by the requirement that the "reasons [for denying ARD] must relate to the protection

_____

[6] Appellant's issues are interrelated and, thus, we address them together.

- 3 -

of society or to the likelihood of the candidate's successful rehabilitation." ***Commonwealth v. Agnew***, 600 A.2d 1265, 1268 (Pa. Super. 1991).[7] ***See also Commonwealth v. Lutz***, 495 A.2d 928, 935 (Pa. 1985) (recognizing that the Commonwealth abuses its discretion only where it utilizes "some criteria for admission to ARD wholly, patently and without doubt *unrelated* to the protection of society and/or the likelihood of a person's success in rehabilitation")

Once the Commonwealth has denied a defendant admission into ARD, "the trial court's role is limited to [determining] whether the Commonwealth abused its discretion." ***Commonwealth v. Sohnleitner***, 884 A.2d 307, 313 (Pa. Super. 2005). A trial court's ability to compel admission into an ARD program is extremely limited: "the trial court cannot admit a defendant to ARD without the Commonwealth's motion unless there is an abuse of the district attorney's discretion." ***Id.*** at 313 n.4 (citation omitted). We review the trial court's determination for an abuse of discretion. ***Commonwealth v. Fleming***, 955 A.2d 450, 453 (Pa. Super. 2008).

Finally, it is necessary to our disposition to briefly summarize the law related to sentencing of DUI offenders. Section 3804 of the Vehicle Code sets forth escalating mandatory minimum sentences for first, second, and subsequent DUI offenses. 75 Pa.C.S. § 3804(a). Section 3806(a) defines the

---

[7] ***Agnew*** also recognizes that the Commonwealth "must openly specify reasons for not submitting a case for ARD." 600 A.2d at 1268 (citation omitted).

term "prior offense" as including "acceptance of [ARD.]" *Id.* at § 3806(a). In *Chichkin*, 232 A.3d at 969-71, this Court determined that Section 3806(a)'s inclusion of acceptance of ARD in an earlier DUI prosecution as a "prior offense" constituted a violation of due process.

At the June 8, 2021 hearing, the Commonwealth explained that in the wake of this Court's decision in *Chichkin*, it instituted a blanket policy of refusing ARD to all defendants charged with DUI. N.T. Hr'g, 6/8/21, at 7. The Commonwealth argued that the decision to refuse ARD to all DUI defendants furthers the protection of society because it ensures that, should those defendants commit another DUI, they will be subject to the increased sentencing provisions for repeat DUI offenders provided by 75 Pa.C.S. § 3804(a). N.T. Hr'g at 7-23.

In support of its denial of Appellant's motion to compel, the trial court explained that it "was persuaded by the [Commonwealth] that the denial of ARD for first time DUI offenses in light of *Chichkin* . . . is for the protection of society." Trial Ct. Op., 1/11/22, at 2 (unpaginated). It credited the Commonwealth's argument that because acceptance of ARD does not count as a "prior offense," permitting DUI offenders into the ARD program would create "a danger to the public . . . in light of *Chichkin*." *Id.*[8]

_____

[8] We also note that the trial court credited the Commonwealth's explanation that "the manpower needed to keep track of repeat offenders, who have previously received ARD and expunged their record of ARD, is not available in [Mifflin C]ounty[.]" Trial Ct. Op. at 2. This excuse by the Commonwealth is

*(Footnote Continued Next Page)*

*Chichkin*, however, is no longer controlling law in Pennsylvania. In *Commonwealth v. Moroz*, 284 A.3d 227, 233 (Pa. Super. 2022) (*en banc*), this Court "expressly overrule[d] *Chichkin*" and held that the Motor Vehicle Code's recognition of acceptance of ARD as a prior conviction "for purposes of imposing a Section 3804 mandatory minimum sentence, passes constitutional muster." Since this Court has overruled *Chichkin*, the Commonwealth's blanket policy of ARD refusal to DUI defendants is arbitrary and bears no relation to the protection of society or the potential for successful rehabilitation of the offender. The Commonwealth's refusal to admit Appellant into ARD based on this policy was, thus, an abuse of its discretion.[9]

Considering the above, we remand this case for the trial court to conduct an ARD hearing pursuant to Pa.R.Crim.P. 312 and 313 and proceed

---

unavailing; the failure by the Office of the District Attorney ("DA") to allocate necessary resources to track individuals who have received ARD is not related to the protection of society or rehabilitation of the offender but, rather, the DA's office's determination of resource allocation.

[9] The trial court's failure to admit Appellant into the ARD program is likewise an abuse of discretion. We recognize that this Court decided *Moroz* during the pendency of Appellant's direct appeal. The trial court was, thus, proceeding according to the law in effect at the time it rendered its decision. Appellant is nonetheless entitled to application of *Moroz* on direct appeal. *See Commonwealth v. Moore*, 263 A.3d 1193, 1199 (Pa. Super. 2021).

accordingly.[10] As a result of our disposition, we vacate Appellant's October 18, 2021 conviction and judgment of sentence.[11]

Conviction and judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judge McCaffery joins the memorandum.

Judge Stabile files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/15/2023

---

[10] ARD is governed by Pa.R.Crim.P. 310-320 and 75 Pa.C.S. § 3807.

[11] We note that because we vacate Appellant's conviction for a reason other than insufficient evidence or prosecutorial misconduct, the Double Jeopardy Clause would not preclude retrial for the instant charges should Appellant not qualify for, refuse to accept, or fail to complete ARD. *See Commonwealth v. Johnson*, 231 A.3d 807, 820 (Pa. 2020). *See also Commonwealth v. McMullen*, 721 A.2d 370, 371 (Pa. Super. 1998) (explaining that "the Double Jeopardy Clause does not impose a limitation upon the power of the government to retry a defendant who has succeeded in persuading a court to set his conviction aside, unless the conviction has been reversed solely because of insufficiency of the evidence" (citation and quotation marks omitted)).