Louis J. Karageorge, D.D.S., Petitioner *v.* Commonwealth of Pennsylvania, State Dental Council and Examining Board, Respondent.

Argued February 2, 1983, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Heidi Beth Hamman*, with her *Edward S. Finkelstein*, for petitioner.

*Mary S. Wyatte*, Assistant Counsel, with her *David F. Phifer*, Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, April 4, 1983:

The petitioner, a dentist, has appealed for review of the order of the State Dental Council and Examining Board revoking his license to practice his profession.

The petitioner entered a plea of nolo contendere in the Court of Common Pleas of Allegheny County to an indictment in four counts, all felonies, charging that he sold or dispensed controlled substances without a prescription in violation of Section 113(14), 35 P.S. §780-113(a)(14), of the Controlled Substance, Drug, Device and Cosmetic Act (Drug Act), Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §780-101 *et seq.* As a first time offender, he was placed on probation without verdict, for five years, pursuant to Section 17 of the Drug Act, 35 P.S. §780-117.

The State Dental Council and Examining Board thereupon issued a citation and notice of hearing concerning the petitioner's license based upon the peti-

tioner's pleas of nolo contendere pursuant to both Section 3(i) of the Dental Law, Act of May 1, 1933, P.L. 216, 63 P.S. §122(i) and Section 23(b) of the Drug Act, 35 P.S. §780-123(b).

Section 3(i) of the Dental Law gives the board power

[T]o suspend and revoke . . . the license or registration of any licensee who has been guilty of a crime or misdemeanor involving moral turpitude; . . . or of unprofessional conduct, detrimental or dangerous to the public health, safety, morals or welfare;

Section 23(b) of the Drug Act provides:

The appropriate licensing boards in the Department of State are hereby authorized to revoke or suspend the registration or license of any practitioner when such person has pleaded guilty or nolo contendere or has been convicted of a felony under this act or any similar State or Federal law. Before any such revocation or suspension, the licensee or registrant shall be given a hearing before the appropriate board. At such hearing the accused may be represented by counsel and shall be entitled to compulsory attendance of witnesses.

At the board hearing, neither party presented any testimony and the documentary evidence was admitted without objection. These consisted of the records relating to the criminal charges and the pleas. The board revoked the petitioner's license and he has appealed.

The petitioner's principal argument is that the board lacked authority to revoke his license, because Section 23(b) of the Drug Act repealed by implication Section 3(i) of the Dental Law. He cites *Duda v. State Board of Pharmacy*, 38 Pa. Commonwealth Ct.

378, 393 A.2d 57 (1978), where we held that Section 23(b) of the Drug Act providing that a license may be suspended or revoked only for guilty or nolo contendere pleas or convictions of *felonies* under the Drug Act controlled over Section 5 of the Pharmacy Act, Act of September 27, 1961, P.L. 1700, 63 P.S. §390-5, authorizing the suspension or revocation of licenses for pleading guilty to *misdemeanors* under the Drug Act. *Duda* is without application in this case because the petitioner here pleaded nolo contendere to felonies. Indeed, in *Duda* we made specific reference to the circumstances of this case:

> Of course the Pharmacy Board's power to suspend or revoke licenses for the cause of having been found guilty, pleaded guilty or entered a plea of nolo contendere to any offenses other than Drug Act offenses remains unimpaired, as is its power to impose sanctions for conviction, guilty and nolo contendere pleas which are felonies under the Drug Act. (Footnote omitted.)

38 Pa. Commonwealth Ct. at 382, 393 A.2d at 59.

Furthermore, Section 23(b) of the Drug Act, as well as 3 of the Dental Law, is invoked and Section 23(b) of the Drug Act authorizes revocation of the license of one who has "pleaded . . . nolo contendere . . . [to] . . . a felony under this Act. . . ."

The petitioner also depends on *Warren County School District v. Carlson*, 53 Pa. Commonwealth Ct. 568, 418 A.2d 810 (1980), where we affirmed a decision of the Secretary of Education that a plea of nolo contendere to a Drug Act offense was not substantial evidence of immorality because the offender's criminal record had been expunged pursuant to Section 19 of the Drug Act, 35 P.S. §780-119 rendering it inadmissible at the agency hearing. The instant petitioner's criminal record has not been expunged. Fur-

thermore, the petitioner's criminal records went into this record without his objection and indeed part of it was introduced by the petitioner. In a case much like this—*State Dental Council and Examining Board v. Friedman*, 27 Pa. Commonwealth Ct. 546, 367 A.2d 363 (1976)—we held that a plea of nolo contendere was admissible in an administrative hearing and constituted substantial evidence of the charges.

We have considered the petitioner's complaints that the revocation action was arbitrary, an abuse of the board's discretion and violative of various constitutional rights and protections and have concluded that they are without merit.

Order affirmed.

ORDER

AND Now, this 4th day of April, 1983, the order of the State Dental Council and Examining Board in the above-captioned matter is hereby affirmed.