563 A.2d 1308

**John Franklin HORVAT, M.D., Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF STATE PROFESSIONAL AND OCCUPATIONAL AFFAIRS, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 9, 1989.

Decided Sept. 15, 1989.

John Rogers Carroll, with him, Peter W. Cooley, Carroll & Carroll, Philadelphia, for petitioner.

John F. Alcorn, with him, Joyce McKeever, Chief Counsel, Bureau of Professional and Occupational Affairs, and Velma A. Boozer, Chief Counsel, Dept. of State, Harrisburg, for respondent.

Before COLINS and PALLADINO, JJ., and BARBIERI, Senior Judge.

PALLADINO, Judge.

John Franklin Horvat, M.D. (Petitioner), appeals from a Notice of Automatic Suspension, issued by the State Board of Medicine (Board), pursuant to Section 40(b) of the Medical Practice Act of 1985 (MPA).[1]

It is undisputed that, on two separate occasions, Petitioner forged the name of his partner on a prescription form, listing the name Jean Dura as the intended patient. Petitioner used the forms to personally obtain and use Percocate, a controlled narcotic substance.

Two criminal complaints were issued against Petitioner, charging him with two counts under Section 13(a)(12) of The Controlled Substance, Drug, Device, and Cosmetic Act (Drug Act).[2] Petitioner pleaded nolo contendere to both Section 13(a)(12) felony offenses of obtaining a Schedule II

---

**1.** Act of December 20, 1985, P.L. 457, *as amended,* 63 P.S. § 422.40(b), which provides in pertinent part:

**(b) Automatic suspensions.**—A license or certificate issued under this act shall automatically be suspended upon the ... conviction of a felony under the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device, and Cosmetic Act....

**2.** Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. § 780–113(a)(12), which provides in pertinent part:

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

(12) The acquisition or obtaining of possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge.

controlled substance, which was also a narcotic drug.[3] The trial court imposed two consecutive sentences of 12 months probation without verdict, pursuant to Section 17 of the Drug Act.[4]

Thereafter, pursuant to Section 40(b) of the MPA, the prosecuting attorney for the Bureau of Professional and Occupational Affairs filed a Petition for Automatic Suspension of Petitioner's license to practice medicine with the Board. Three days later, the Board issued a Notice of Automatic Suspension, ordering Petitioner to cease and desist from the practice of medicine and surgery. The Board also ordered him to surrender his documentation of licensure to the Law Enforcement Division, Bureau of Professional and Occupational Affairs. Petitioner filed a Petition for Review of the Board's order with this court, requesting an evidentiary hearing and raising several issues for appellate review. Petitioner also filed, at the same time, an application for a stay of the suspension pending appeal. Petitioner's requests for an evidentiary hearing and stay of the suspension were denied by orders of this court. Thereafter, Petitioner filed a motion for an expedited briefing and argument schedule, which was granted by this court.

The Board's order to Petitioner to cease and desist from the practice of medicine and to surrender his license is before us in our Appellate Jurisdiction. We note that our

3. 35 P.S. § 780–113(f)(1) provides in pertinent part:
   (f) Any person who violates clause (12) ... of subsection (a) with respect to:
   (1) A controlled substance ... classified in Schedule ... II [35 P.S. § 780–104(2) ] which is a narcotic drug, is guilty of a felony....

4. 35 P.S. § 780–117 provides in pertinent part:
   A person may be entitled to probation without verdict under the following circumstances:
   (1) A person who has not previously been convicted of an offense under this act or under a similar act of the United States, or any other state, is eligible for probation without verdict if he pleads nolo contendere or guilty to ... any nonviolent offense under this act. The court may, without entering a judgment, and with the consent of such person, defer further proceedings and place him on probation for a specific time period not to exceed the maximum for the offense....

scope of review is limited to a determination of whether constitutional rights were violated, and whether the decision is in accordance with law and supported by substantial evidence. *Cassella v. Pennsylvania State Board of Medicine,* 119 Pa.Commonwealth Ct. 394, 547 A.2d 506 (1988).

Four issues are raised on appeal: (1) whether the record shows pleas of nolo contendere to felony charges; (2) whether Petitioner's nolo contendere pleas are convictions under Section 40(b) of the MPA; (3) whether Section 40(b) of the MPA violates the Equal Protection clause of the Fourteenth Amendment to the United States Constitution; and (4) whether the automatic suspension procedure of Section 40(b) of the MPA violates the Due Process clause of the Fourteenth Amendment to the United States Constitution. We will address these issues seriatim.

As to the first issue, Petitioner alleges that he intended to plead to misdemeanors. The violations with which he was charged were felonies under the prevailing law at the time he committed the offenses. The Court in its pre-sentence colloquy at N.T. 5 made clear the offenses were indeed felonies. Thereafter, Petitioner, who was represented by counsel, stated that he understood the nature of the charges against him and entered his nolo contendere pleas.

As to the second issue, Petitioner argues that his pleas of nolo contendere are not convictions for the purposes of Section 40(b).[5] Petitioner was sentenced without verdict pursuant to Section 17 of the Drug Act, which provides that if Petitioner successfully completes the imposed probationary period, he must be discharged and the proceedings against him must be dismissed. The Section further provides that "discharge and dismissal shall be without adjudication of guilt and shall not constitute a conviction for any purpose."

---

**5.** Petitioner claims that a sentence under Section 17 of probation without verdict is an exception to the general rule that a nolo contendere plea constitutes a conviction under Section 40(b) of the MPA, which provides in pertinent part:

(b) As used in this section the term "conviction" shall include ... a plea of nolo contendere.

Petitioner claims that because the sentence will not be a conviction if Petitioner successfully completes the probationary period, the current disposition of his criminal trial cannot be treated as a conviction. Petitioner relies on *Warren County School District of Warren County v. Carlson*, 53 Pa.Commonwealth Ct. 568, 418 A.2d 810 (1980), in which we held that the Secretary of Education p'operly excluded evidence of a criminal record of Section 17 probation in a civil action initiated after Carlson's record had been expunged, following the successful completion of the probationary period. In the case at bar, the Petitioner's record was not expunged when the Board began its Automatic Suspension proceeding. This fact pattern has already been addressed by this court in *Karageorge v. State Dental Council and Examining Board*, 73 Pa.Commonwealth Ct. 213, 458 A.2d 299 (1983), where we held that because the petitioner's criminal record had not yet been expunged, his Section 17 probation without verdict is a conviction for which his license was properly suspended. Because Petitioner's criminal record has not been expunged, we conclude that *Karageorge* controls the case at bar.

Where a physician has violated the Drug Act, the Board cannot be required to wait until the completion of the physician's probationary period to decide if the physician's continued medical practice presents a risk to the citizens of this Commonwealth. In the case at bar, the Section 40(b) automatic license suspension provision clearly shows the intention of the General Assembly to preclude the continued medical practice of a physician with a felony conviction and a recognition that the conviction for a drug felony presents an immediate danger to the public.

Petitioner, with respect to the third issue, argues that the separate treatment of physicians convicted of Drug Act felony offenses violates the equal protection clause of the Fourteenth Amendment of the United States Constitution. Because Petitioner does not contend that persons convicted of a felony under the Drug Act constitute a suspect class or that the privilege of practicing medicine is a

fundamental right, the legislative classification must be sustained if the classification is rationally related to a legitimate government interest. *Bycer v. State Board of Pharmacy*, 57 Pa.Commonwealth Ct. 205, 425 A.2d 1213 (1981). The Board argues that licensed medical practitioners have unique access to controlled drugs and that a physician's appropriation of this access for illegal purposes presents a danger to the Commonwealth, for which the General Assembly has legitimately and rationally adopted a separate policing device. We agree and find no constitutional deprivation.

■ Lastly, the Petitioner contends that by automatically suspending his license without conducting a hearing, the Board has violated his due process rights guaranteed by the Fourteenth Amendment of the United States Constitution. The automatic suspension of professional licenses issued by this Commonwealth has withstood this due process challenge twice in recent history.

In *Morris v. Department of State, Board of Professional and Occupational Affairs, State Board of Pharmacy*, 113 Pa.Commonwealth Ct. 318, 537 A.2d 93 (1988), the petitioner pleaded nolo contendere to two violations of Section 13(a)(14) of the Drug Act, which were felonies under Section 13(f)(1) of the Drug Act. The State Board of Pharmacy automatically suspended his pharmacist's license pursuant to Section 7(d.2) of the Pharmacy Act.[6] We held that the automatic suspension without an evidentiary hearing did not violate due process.

In *Galena v. Department of State Professional and Occupational Affairs*, 122 Pa.Commonwealth Ct. 315, 551 A.2d 676 (1988), the petitioner, found guilty of offenses under Section 401(a)(1) of the Federal Controlled Substance Act, 21 U.S.C. § 841(a)(1), appealed the Board's order automatically suspending his license to practice medicine, pursuant to Section 40(b) of the Drug Act. Once again, this court held that the automatic suspension of a professional license

6. Act of September 27, 1961, P.L. 1700, *as amended*, 63 P.S. § 390-7(d.2).

without granting an evidentiary hearing did not violate due process. These cases control the case at bar.

Accordingly, we affirm.

COLINS, J., dissents.

## ORDER

AND NOW, September 15, 1989, the order of the State Board of Medicine in the above captioned matter is affirmed.