**Ronald D. POSTGATE, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, Department of Transportation, Bureau of Driver Licensing.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 9, 2001.

Decided Aug. 1, 2001.

As Corrected Aug. 3, 2001.

Jerome J. Kaharick, Johnstown, for appellant.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellee.

Before DOYLE, President Judge, SMITH, Judge, and FLAHERTY, Senior Judge.

DOYLE, President Judge.

Ronald D. Postgate (Licensee) appeals an order of the Court of Common Pleas of Indiana County, which denied his statutory appeal from a one-year suspension of his driver's license imposed by the Depart-

ment of Transportation, Bureau of Driver Licensing (DOT). The suspension was imposed for refusing to submit to chemical testing in accordance with Section 1547(b)(1) of the Vehicle Code, 75 Pa.C.S. § 1547(b)(1).[1]

On September 26, 1999, James Bateman, a Pennsylvania State Trooper, stopped Licensee for driving a motorcycle without wearing a helmet. Trooper Bateman noticed an odor of alcohol emitted by Licensee, and he observed that Licensee's eyes were red, bloodshot, and glassy. Licensee admitted to Trooper Bateman that he had been drinking alcohol. The Trooper then asked Licensee to submit to field sobriety tests, and Licensee agreed. The Trooper administered the tests (reciting the alphabet, the one leg stand, and the walk-and-turn test), which tests Licensee was unable to perform. Trooper Bateman then placed Licensee under arrest for driving under the influence of alcohol and transported him to the Indiana State Police Barracks for chemical testing.

At the barracks, Licensee was advised of the implied consent law and asked to submit to a chemical test of his breath. Licensee initially agreed to the test, but, the Trooper who conducted the test, Trooper Rummel, a certified operator of the Intoxilyzer 5000 breath testing machine, noted that Licensee was pretending to blow into the mouthpiece of the device, inflating his cheeks to make it appear that he was blowing. Licensee failed to produce a sufficient breath sample for testing and, as a

result, Trooper Rummel determined that Licensee refused the test.

Subsequently, DOT notified Licensee that his driver's license was suspended for one year and Licensee appealed the suspension to the Common Pleas Court.

At the hearing in Common Pleas, DOT presented the testimony of Troopers Bateman and Rummel, who testified to the facts recited above. Further, with regard to facts surrounding the breath test, Trooper Rummel testified that he explained the breath testing procedure to Licensee, but Licensee behaved as follows:

> [Licensee] started to give his first sample and he was not doing it properly. He was blowing into the machine for a second or two and stopping. He was pretending that he was blowing into the machine with putting his lips around the mouthpiece and just inflating his cheeks to make it look like he was blowing.
>
> . . . .
>
> I told him several times that he wasn't blowing, that I couldn't hear it. I also told him that when he's blowing properly, that the machine emits a tone, a high pitched tone. If I cannot hear the tone, then the machine was not receiving any air from his lungs.

(Notes of Testimony (N.T.) at 29.) Trooper Rummel specifically testified that he never heard the machine emit the tone that indicates air is being blown into the machine.[2] Trooper Rummel also testified that the breath-testing machine was properly functioning and certified for accuracy.

1. Section 1547(b)(1) of the Vehicle Code provides:

   **(b) Suspension for refusal.—**
   If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by

the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

   75 Pa.C.S. § 1547(b)(1).

2. The printout from the machine indicated that Licensee provided an "insufficient sample" of his breath.

Licensee testified that he did not refuse the test, complied with the instructions of Trooper Rummel, and that he blew into the machine.

The Common Pleas Court accepted the testimony of Trooper Bateman and Trooper Rummel as credible, and rejected Licensee's testimony. Based on the testimony of the Troopers, the Court concluded that Licensee "did not exert total conscious effort and thereby failed to supply a sufficient breath sample and the Court further finds the testimony of Trooper Curtis Rummel to be sufficient to prove calibration of the breathalyzer machine." (Common Pleas Court's opinion at 1.) Accordingly, the court dismissed Licensee's appeal and, this appeal followed.

■ On appeal, Licensee contends the Common Pleas Court erred in dismissing his appeal, because the Troopers did not provide credible testimony regarding Licensee's refusal and did not provide information regarding the accuracy and calibration of the Intoxilyzer 5000 breath testing machine.

■ To suspend a licensee's driver's license under Section 1547(b) of the Vehicle Code, DOT must prove that (1) the licensee was arrested for driving while intoxicated and that the arresting officer had reasonable grounds to believe that the licensee was driving while intoxicated; (2) that the licensee was requested to submit to a chemical test; (3) that the licensee refused the test; and (4), where the issue is raised, that the licensee was warned that refusing the test would result in a suspension. *Department of Transportation, Bureau of Driver Licensing v. Pestock,* 136 Pa.Cmwlth. 694, 584 A.2d 1075 (1990), *petition for allowance of appeal denied,* 528 Pa. 619, 596 A.2d 801 (1991).

■ Where a licensee fails make a total conscious effort to take a breath test, and thereby fails to provide a sufficient breath sample, such conduct is tantamount to refusing the test. *Pappas v. Department of Transportation, Bureau of Driver Licensing,* 669 A.2d 504 (Pa.Cmwlth.1996). Failure to provide a sufficient breath sample constitutes a refusal even where the licensee made a good faith effort to comply with the test. *Id.*

In *Pappas,* we identified two methods that DOT may utilize to establish that a licensee refused chemical testing by failing to provide sufficient breath samples. First, we stated that:

A refusal is supported by substantial evidence where the Breathalyzer administrator testifies that the licensee did not provide sufficient breath.... If DOT establishes refusal by utilizing the testimony of the administering officer, *it need not prove that the machine was in proper working condition at the time of the test.... That is, once DOT establishes refusal, the operability or suitability of the Breathalyzer is not at issue.*

*Pappas,* 669 A.2d at 508 (citations omitted) (emphasis added). Second, DOT may also rely on the breath machine printout:

DOT may establish refusal under these circumstances by presenting a printout form from a properly calibrated Breathalyzer indicating a deficient sample. In this situation, proper calibration may be proven by documentary or testimonial evidence.

*Id.* at 508 (citation omitted).

■ In the instant case, the Common Pleas Court found the testimony of Trooper Bateman and Trooper Rummel credible and, based on that testimony, concluded that Licensee did not exert a total conscious effort to complete the breath test and failed to provide a sufficient sample for chemical testing. While Licensee ar-

gues that the court erred in accepting the Troopers' testimony,[3] the law is "settled beyond question that determinations as to the credibility of witnesses and the weight assigned to their testimony is **solely** within the province of the fact finder...." *Millili v. Department of Transportation, Bureau of Driver Licensing,* 745 A.2d 111, 113 (Pa.Cmwlth.2000). (Emphasis in the original.) Because questions of credibility are for the trial court to resolve, and not this Court, we may not reverse the Common Pleas Court's order on the ground that it erroneously accepted and relied upon the testimony of Trooper Bateman and Trooper Rummel. *Id.*

■ DOT clearly sustained its burden of proof under *Pappas,* demonstrating via the Troopers' testimony that Licensee refused the test by pretending that he was blowing into the machine but failing to provide a sufficient breath sample. Because of Licensee's refusal, DOT was not required to establish that the Intoxilyzer was in proper working order at the time of the test. Even if such proof was required, Trooper Rummel credibly testified that the Intoxilyzer was calibrated for accuracy and was functioning properly when Licensee was tested. That testimony is sufficient under *Pappas* to prove proper calibration.

■ DOT seeks attorney's fees under Pa. R.A.P. 2744 on the ground that Licensee's appeal is frivolous. Specifically, DOT points out that Licensee "makes only a single, wholly implausible argument in his appeal, *i.e.,* that [the Common Pleas Court Judge] should have found him credible and *both* Troopers incredible." (DOT's brief at 24.) DOT argues that, because Licensee's appeal merely challenges the court's credibility findings, it lacks any basis in law or in fact and is frivolous. *Finney v. Department of Transportation, Bureau of Driver Licensing,* 721 A.2d 420 (Pa.Cmwlth.1998). We must agree with DOT.

Basing an appeal solely on facts contrary to those found by the trial judge has been held to be frivolous. *DiCola v. Department of Transportation, Bureau of Driver Licensing,* 694 A.2d 398 (Pa. Cmwlth.1997); *Morrell v. Department of Transportation, Bureau of Traffic Safety,* 133 Pa.Cmwlth. 338, 575 A.2d 171 (1990). Here, Licensee's entire argument is nothing more than an attack on the Common Pleas Court's credibility determinations. Further, this matter is absolutely controlled by *Pappas,* under which DOT clearly sustained its burden of proving that Licensee refused the breath test. Therefore, we will grant DOT's request for attorney's fees.

Accordingly, the Common Pleas Court's order is affirmed. This case is remanded to the Common Pleas Court for a determination of reasonable attorney's fees.

Judge SMITH dissents on the counsel fees issue.

### ORDER

**NOW,** August 1, 2001, the order of the Court of Common Pleas of Indiana County

---

**3.** Licensee asserts that the Troopers' testimony "is so rife with inconsistencies and mistakes that it strains the bounds of believability to a degree that it cannot be accepted as credible" (Licensee's brief at 9), and "based on the ... inconsistencies that this case has exhibited, [Licensee] asks the Court to sustain the Appeal." (Licensee's brief at 10–11.)

The alleged inconsistencies involve (1) whether Licensee was wearing a helmet when stopped by Trooper Bateman, (2) the "sudden" end of Licensee's cooperation when the breath test was initiated, and (3) Trooper Rummel's handling of the printout from the Intoxilyzer.

in the above-captioned matter is hereby affirmed. Pursuant to Pa. R.A.P. 2744, attorney's fees are granted to the Department of Transportation, and this case is remanded to the Court of Common Pleas of Indiana County for a determination of said reasonable attorney's fees.

Jurisdiction relinquished.