John J. KLINGER

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 25, 2004.

Decided Aug. 12, 2004.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellant.

John B. Mancke, Harrisburg, for appellee.

BEFORE: PELLEGRINI, Judge, and COHN, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge COHN.

In this case we are asked to decide an issue of first impression: whether an individual's voluntary plea of guilty to a violation of Section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act[1] (Drug Act) and placement on Probation Without Verdict (PWV) under Section 17 of the Drug Act,[2] constitutes a "conviction" under Section 1532(c) of the Vehicle Code which requires the suspension of his driver's license.[3] The Department of Transportation, Bureau of Driver Licensing (Department) appeals an order of the Court of Common Pleas of Dauphin County that sustained the appeal of John J. Klinger (Licensee) and set aside the six-month suspension of his operating privileges.

The facts are straightforward and not in dispute.

On February 20, 2003, Licensee violated Section 13(a)(30) of the Drug Act, which prohibits the possession, manufacturing, or delivery of controlled substances or the intent to manufacture or deliver them. Licensee was brought before the court and he pled guilty. The trial court relied on Section 17 of the Drug Act to sentence Licensee to Probation Without Verdict (PWV). Under this provision, "the court may place a person on probation without verdict if the person pleads nolo contendere or guilty to any nonviolent offense under this act...." As part of the probation, the court also imposed a number of partic-ular conditions not relevant for the instant proceeding. The term of probation was to run 24 months, and to conclude in June 2005.

Under the terms of PWV, if the licensee violates one of the terms of the probation "the court may enter a judgment and proceed as in a criminal case, or may continue the probation without verdict." 35 P.S. § 780–117(2). "Upon the fulfillment of the terms and conditions of probation, the court shall discharge such person and dismiss the proceedings against him." 35 P.S. § 780–117(3). This Section states that "Discharge and dismissal shall be without adjudication of guilt and *shall not constitute a conviction* for any purpose whatever ...." (emphasis added).

In this case the clerk of courts received notice of the plea of guilty and sought to forward this information to the Department. In doing so, the clerk used a standard preprinted form prepared by the Department entitled "Report of a Court Showing the Conviction of Certain Violations of the Controlled Substance, Drug, Device and Cosmetic Act." The form contained boxes that allowed the clerk to check which provision of the act Licensee had violated, and space for the clerk to indicate the date of the violation. The form also contained a box in which the clerk could note the date of acquittal. The form did not contain a space in which to indicate that Licensee had been given PWV. The clerk indicated on the form that Licensee had violated 35 P.S. § 780–113(a)(30), that this violation had occurred on February 20, 2003, and that Licensee had been convicted of this violation on June 30, 2003, the date on which the court had sentenced Licensee to PWV.

---

1. Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. § 780–113(a)(30).

2. 35 P.S. § 780–117.

3. 75 Pa.C.S. § 1532(c).

Based upon its receipt of this notice and the information contained within it, pursuant to Section 75 Pa.C.S. § 1532(c), the Department issued Licensee a suspension letter on August 26, 2003.[4] Licensee filed a statutory appeal of the suspension action with the trial court, arguing that, under the terms of the PWV section of the Drug Act, he had not been "convicted" of violating the Drug Act.

Several months later, in November, after having consulted with several Department staff members, the Clerk of Courts sent the Department an amended Report of Court on which the phrase "probation without verdict" had been typed in the space next to where the clerk had checked the specific subsection of the Drug Act with which Licensee had been charged.

Following the issuance of this amended report, the trial court conducted a hearing on Licensee's appeal. Following the hearing, the court sustained the appeal and the Department now appeals to this Court.

■ The sole issue before this Court is whether Licensee's plea of guilty as a prerequisite for entry into PWV, constitutes a "conviction" that would require the Department to suspend his license. The Department argues that it is a conviction, relying on two statutory provisions in the Vehicle Code: 75 Pa.C.S. § 1532(c)(2) (defining the term "conviction" for purposes of issuing license suspensions) and 75 Pa. C.S. § 6501(a) (defining "conviction" for purposes of the Vehicle Code in general). In contrast, Licensee argues that it is not a conviction, relying on the language of the PWV Section of the Drug Act. These arguments require us to address the interaction of these Sections of the Vehicle Code with the Drug Act.

The Vehicle Code establishes the list of offenses that require a license suspension, and also the time periods of the suspensions. 75 Pa.C.S. §§ 1532(c)(2) and 6501. Relevant for this case is subsection (c) of Section 1532 which addresses suspensions arising from convictions for Pennsylvania's Drug Act and comparable Federal law.[5] This provision pertinently states:

(c) **Suspension.**—The department shall suspend the operating privilege of any person upon receiving a certified record of the person's *conviction* of any offense involving the possession, sale, delivery, offering for sale, holding for sale or giving away of any controlled substance under the laws of the United States, this Commonwealth or any other state....

(1) The period of suspension shall be as follows:

(i) For a first offense, a period of six months from the date of the suspension.

(ii) For a second offense, a period of one year from the date of the suspension.

(iii) For a third and any subsequent offense thereafter, a period of two years from the date of the suspension.

(2) For the purposes of this subsection, the term "conviction" shall include any conviction or adjudication of delin-

---

**4.** Subsequent to having sent this initial conviction report in, an official from the Department contacted the Clerk, telling her to submit an amended form, indicating on it that the case involved PWV. In conformance with that request, the Clerk sent the Department an amended report in which she had typed the phrase "PROBATION WITHOUT VERDICT" in the margin of the form, right next to the portion of the form that identified the specific Drug Act provision that had been violated.

**5.** Paragraph (c) also discusses suspensions arising from convictions or adjudications of delinquency for school related terroristic threats, however, this aspect of the paragraph is not relevant for the instant proceeding.

quency for any of the offenses listed in paragraph (1), whether in this Commonwealth or any other Federal or state court.

75 Pa.C.S. § 1532(c)(emphasis added). The Department focuses on subsection (2) of this Section, which provides that " 'conviction' shall include *any* conviction...." 75 Pa.C.S. § 1532(c)(2) (emphasis added).[6] The definition of "conviction," is found in Section 6501, which provides that "[f]or the purposes of this title a conviction includes *a plea of guilty,* a plea of nolo contendere, [or] a finding of guilty by a court...." 75 Pa.C.S. § 6501 (emphasis added). The Department argues that because Licensee entered a "plea of guilty" in order to be placed on PWV, and because the Vehicle Code's definition of "conviction" in Section 6501 includes "a plea of guilty," Licensee's guilty plea is a conviction for purposes of Section 1532(c), requiring a license suspension.

The statutory definition of PWV is set out in Section 17 of the Drug Act, which provides that:

> [T]he court may place a person on probation without verdict if the person pleads nolo contendere or guilty to any nonviolent offense under this act and the person proves he is drug dependent.... The term of probation shall be for a specific time period not to exceed the maximum for the offense upon such reasonable terms and conditions as the court may require.
>
> \* \* \* \*
>
> (2) Upon violation of a term or condition of probation, the court may enter a judgment and proceed as in any criminal case, or may continue the probation without verdict.
>
> (3) Upon fulfillment of the terms and conditions of probation, the court shall discharge such person and dismiss the proceedings against him. *Discharge and dismissal shall be without adjudication of guilt and shall not constitute a conviction for any purpose whatever, including the penalties imposed for second or subsequent convictions ....*

(Emphasis added.) Under the language in this Section, it is only *after* the probationary period ends, when Defendant/Licensee has either fulfilled or violated the terms of the probation without verdict, that it can be determined whether there is a discharge and dismissal *without* guilt and conviction. During the probationary period, the adjudication and conviction are essentially held in abeyance pending Defendant/Licensee's fulfillment of the probation terms. The statute specifies that once the probationary period is successfully completed, there is no "conviction for any purpose whatever." It is this language that creates a potential conflict with Section 6501 of the Vehicle Code, which includes "guilty plea" within its definition of "conviction."

The rules of statutory construction provide an analytical framework for evaluating the conflicting language. Under Section 1933 of The Statutory Construction Act of 1972(SCA):

> Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the

---

6. We note that (c)(2) references the offenses listed in subparagraph (1), but that subparagraph (1) does not list any offenses. Despite this error, it seems clear that (c)(2) means to reference the offenses listed in the introductory portion of (c). As the language of (c)(2), in large measure mirrors portions of this introductory Section, we read the two Sections together.

conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

1 Pa.C.S. § 1933. In the instant case, the relevant statutory provisions contain language that is irreconcilable. As discussed earlier, the Vehicle Codes broad definition for "conviction" conflicts with the Drug Act's directive regarding PWV. In such an instance, Section 1933 of the SCA directs that the more specific provision prevail.

Section 1532(c) of the Vehicle Code evinces deference to the Drug Act in defining the triggering offenses for the license suspension provision. Although Section 1532(c) of the Vehicle Code lists several types of Drug Act related offenses that would lead to a license suspension, it does not define these offenses and offers no cross reference to any specific statutory provision, instead referring generally to the "laws of the United States [or] this Commonwealth...." By referring to the Commonwealth's laws in general, the provision implicitly defers to these more specific provisions in other statutes to define the offenses that would trigger the Vehicle Code's suspension provisions. The drug-related offenses listed in Section 1532(c) clearly fall within the ambit of offenses defined within the Drug Act. Accordingly, the Vehicle Code's suspension provision implicitly relies on the Drug Act's provisions for defining whether a triggering offense has been committed.

In addition to the various specific provisions of the Drug Act that define the various offenses and their respective elements, integral to the Drug Act's statutory scheme of determining whether a Drug Act violation has occurred, is the PWV provision of Section 17. According to Section 17, the final acts of adjudication and conviction do not occur while the licensee is on probation. It is only if the terms of probation are violated, that the court may "enter a judgment"—that is, make a final determination. 35 P.S. § 780–117(2). Thus, if Licensee complies with the terms of probation, there is "no adjudication of guilt." 35 P.S. § 780–117(3). The legislature's intent to ensure that no final determination is made, is underscored by the language that the "discharge and dismissal ... *shall not* constitute a conviction for *any purpose whatever.*" 35 P.S. § 780–117(3).

■ Once a defendant successfully completes PWV, his record must be expunged and it cannot be regarded for any purpose. *Commonwealth v. Benn,* 544 Pa. 144, 675 A.2d 261 (1996). In *Benn* the court noted that the District Attorney erred in using a person's successful completion of PWV for a previous offense, as a basis for denying that person's entry into an accelerated rehabilitative disposition (ARD) program for a subsequent offense. The Defendant in *Benn* had successfully completed the PWV and his record should have been expunged pursuant to 35 P.S. § 780–119(b)(providing that "Any expunged record of arrest or prosecution shall not hereafter be regarded as an arrest or prosecution for the purpose of any statute or regulation or license ... or any civil or criminal proceeding or any other public or private purpose.") The Supreme Court held that the District Attorney could not consider the PWV and expunged record, specifically noting that "The legislature has made it clear that, in the limited realm of cases where probation without verdict and expungement apply, privacy must be maintained by shielding records from disclosure." *Benn* at 149, 675 A.2d at 263.

In addressing the legislative intent behind eliminating the use of this plea for *"any purpose whatever,"* we have noted that Section 17 is "unique and evidences a strong legislative intent that first offenders under the act may, in appropriate circumstances, be given special consideration." *Warren County School District, v. Carlson,* 53 Pa.Cmwlth. 568, 418 A.2d 810, 812–813 (1980). The very title of the Section, "Probation without verdict," is unusual in that probation is a criminal sentence, and criminal sentences are generally issued after a judgment. The title suggests a figurative putting the cart before the horse—issuing a sentence in the absence of a judgment. We have previously noted that:

In criminal proceedings, normally there is a two step process when sentence is imposed. First, there must be either a plea of guilty or of nolo contendere or a conviction by a judge or jury where the defendant has pled not guilty. The prevailing law is that there is no right of appeal from a plea or a conviction and neither a plea nor a conviction are admissible in subsequent proceedings for the obvious reason that a plea may be

withdrawn at any time prior to sentence or a conviction set aside. However, after the plea or conviction, when sentence is imposed, such sentencing constitutes a judgment from which an appeal does lie, and in those circumstances, where permitted by law, the judgment may be introduced in subsequent proceedings. 2 Wigmore, Evidence § 521 (Chadbourn rev.1979).

It will be noted that in Section 17 proceedings, no judgment is entered, notwithstanding the fact that the defendant is placed on probation, an act which normally constitutes a sentence, i.e. a judgment. Therefore, because no judgment was entered on the plea of nolo contendere in the instant case, it was error to admit the plea of nolo contendere.

*Warren County School District,* 418 A.2d at 813. (Footnote omitted.)[7] Thus, the legislature established a "unique" procedure in which, essentially, the plea of guilty is held in abeyance, to be discarded if probation is satisfied, or to be used as a basis for entering judgment if the terms of probation are violated.[8]

7. The Department argues that, as the guilty plea has not yet been expunged as set forth by the expungement procedures of Section 19 of the Drug Act, 35 P.S, § 780–119, the Department may act upon the guilty plea. The problem with this rationale is that it fails to recognize the unique nature of this proceeding, particularly the fact that the court does not enter a judgment on the plea, "notwithstanding the fact" that a sentence is being given. Acting upon this plea as the Department seeks to by using it as a trigger for the suspension provision of the Vehicle Code, ignores the rationale behind having Section 17 and eviscerates the procedure set forth by the Legislature in the language of Section 17.

8. The interim nature of the probationary period in a PWV proceeding is evidenced by the statutory language. The title of the statutory section states that it is "without verdict," and

provides that there is no "conviction" or "adjudication" unless the licensee fails to fulfill the probationary terms. These terms are not defined in the Drug Act, and so, in interpreting them, we examine for their common definitions. "Verdict" is defined as, "Loosely, in a nonjury trial, a judge's *resolution* of the issues of a case." Black's Law Dictionary 1554 (7th ed.1999). (Emphasis added.) "Conviction" is defined as, "[t]he act or process of judicially finding someone guilty of a crime; the state of having been proved guilty." *Id.* at 335, 563 A.2d 1308. "Adjudication" is defined as, "1. The legal process of *resolving* a dispute; the process of judicially deciding a case. 2. JUDGMENT." *Id.* at 43, 563 A.2d 1308. (Emphasis added.) "Judgment," as used in the adjudication definition, is defined as, "A court's *final determination* of the rights and obligations of the parties in a case." *Id.* at 846, 563 A.2d 1308. (Emphasis

Under our rules of statutory construction, while Section 6501 may provide the general rule in determining whether a conviction occurs, given the specific reliance in Section 1532(c) on other statutes to define the sanctionable offense, the PWV provision of the Drug Act is an exception to the general rule. *See generally*, 1 Pa.C.S. § 1933("the special provisions shall be construed as an exception to the general provision."). Although, the Vehicle Code provisions at issue here were enacted four years after the PWV provision of the Drug Act, nothing within them evidence any "manifest intention" by the General Assembly that the more general provisions of the Vehicle Code should control.

Therefore, notwithstanding the general definition of "conviction" in the Vehicle Code, because there is no "conviction" under the specific statutory terms of PWV once the licensee successfully completes the probationary period, there can be no license suspension. Nor can the guilty plea be used, *during* the licensee's probationary period, where there has not yet been a discharge and dismissal without guilt and conviction, as in the case at bar, unless the licensee fails to successfully complete the terms of the PWV.

The Department cites various cases, which applied these Vehicle Code provisions, or addressed the PWV section of the Drug Act in the context of professional license suspensions, to argue that this Court should interpret Licensee's guilty

plea as constituting a conviction justifying license suspension even though he received PWV. However, the Department's reliance on other cases that do not involve both Vehicle Code and the PWV provisions together is misplaced. For example, the Department cites a decision in which we concluded that a Pennsylvania licensee's payment of a fine in West Virginia for leaving the scene of an accident in that state, constituted a conviction for purposes of Pennsylvania operating privilege suspension provisions under Section 6501 of the Vehicle Code. *Kovalcin v. Department of Transportation, Bureau of Driver Licensing*, 781 A.2d 273 (Pa.Cmwlth.2001). In *Kovalcin*, the Court concluded that "payment of the prescribed fine constitutes a guilty plea and was sufficient to establish a conviction." *Id.* at 276. However, there was no PWV involved in that case.

The Department also relies on a decision in which we concluded that a plea of nolo contendere to several Drug Act violations with placement on PWV was a sufficient basis for the state licensing board to revoke a Pennsylvania dentist's professional license. *Karageorge v. State Dental Council and Examining Board*, 73 Pa.Cmwlth. 213, 458 A.2d 299 (1983). The Court noted that at the time of the licensing proceeding, the dentist was still serving his term of probation without verdict, so that his criminal record had not yet been expunged.[9] However, these cases do not

added.) Common among all of these terms is the element of *finality*. In applying these definitions to the PWV statute, it appears that the legislature intended to withhold the element of finality of the proceeding, during the pendency of the probationary period in PWV.

9. The Department relies on several other professional licensing cases that similarly conclude that pleading nolo contendere provided sufficient basis to suspend a professional license. *See Horvat v. Department of State Pro-*

*fessional and Occupational Affairs*, 128 Pa. Cmwlth. 546, 563 A.2d 1308 (1989) (suspending a physician's license following his pleading nolo contendere to felony charges of receiving a narcotic drug); *Boulis v. State Board of Chiropractic*, 729 A.2d 645 (Pa. Cmwlth.1999), *petition for allowance of appeal denied*, 561 Pa. 679, 749 A.2d 472 (2000) (suspending Pennsylvania licensed chiropractor's license following his conviction for drug offenses in Georgia, even after he successfully petitioned the Georgia court to declare that

involve the Vehicle Code, but special statutes that specifically authorize professional boards to suspend professional licenses. These statutes use different language and have different purposes. For instance, in *Karageorge,* we noted that the Licensing Board was authorized to "suspend or revoke" the license ... of any [dentist] who has been guilty of a crime or misdemeanor involving moral turpitude; ... or of unprofessional conduct, detrimental or dangerous to the public health, safety, morals or welfare." *Karageorge,* 458 A.2d at 300 (quoting from Section 3(i) of the Dental Law, Act of May 1, 1933 P.L. 216, *as amended,* 63 P.S. § 122(i)). That statute thus affords a broader basis for revocation of a medical license for a Drug Act violation. We noted in *Horvat v. Department of State Professional and Occupational Affairs,* 128 Pa.Cmwlth. 546, 563 A.2d 1308, 1311 (1989), that there is a separate procedure for policing licensed medical practitioners regarding Drug Act violations:

> The [State] Board [of Medicine] argues that licensed medical practitioners have unique access to controlled drugs and that a physician's appropriation of this access for illegal purposes presents a danger to the Commonwealth, for which the General Assembly has legitimately and rationally adopted a separate policing device.

We further discussed the compelling basis for treating physicians differently, and not requiring the licensing authority to wait before suspending the license, noting that:

> Where a physician has violated the Drug Act, the Board cannot be required to wait until the completion of the physician's probationary period to decide if the physician's continued medical practice presents a risk to the citizens of this Commonwealth. In the case at bar, the

there was no judgment of guilt and that fur-

Section 40(b) automatic license suspension provision clearly shows the intention of the General Assembly to preclude the continued medical practice of a physician with a felony conviction and a recognition that the conviction for a drug felony presents an immediate danger to the public.

*Horvat,* 563 A.2d at 1310. In contrast, this case involves a different statute, a different type of license, and a different risk to the public. There is no expressed reason why the Department cannot wait until the completion of the probationary period to determine whether the license should be suspended. Thus, because at issue are different types of licenses, different statutory language, and different public policies, the cases cited by the Department are not persuasive.

Based on the foregoing opinion, we affirm the order of the Court of Common Pleas of Dauphin County setting aside Licensees suspension.

Judge PELLEGRINI concurs in the result only.

### ORDER

**NOW,** August 12, 2004, the order of the Court of Common Pleas of Dauphin County in the above-captioned matter is hereby **AFFIRMED.**

ther proceedings would be deferred).