**Vincent MONDINI, Appellant**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 14, 2005.

Decided March 1, 2005.

Publication Ordered June 8, 2005.

David B. Chontos, Turtle Creek, for appellant.

Terrance M. Edwards, Asst. Counsel and Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellee.

BEFORE: COLINS, President Judge, and PELLEGRINI, J., and KELLEY, Senior Judge.

OPINION BY President Judge COLINS.

Vincent Mondini (Mondini) appeals an order of the Court of Common Pleas of Allegheny County, upholding a suspension by the Pennsylvania Department of Transportation (DOT) of his driver's license for refusal to submit to chemical testing in violation of the Implied Consent Law.[1] We reverse.

On April 7, 2004, Officer Snyder observed a car, driven by Mondini, tailgating

---

1. Vehicle Code—75 Pa.C.S. §§ 101–9805;   Implied Consent Law—75 Pa.C.S. § 1547(b).

his police cruiser. Officer Snyder pulled Mondini's car over and detected the odor of alcohol coming from the vehicle. Officer Snyder had Mondini perform field sobriety tests and then arrested him for Driving Under the Influence (D.U.I.) After arresting Mondini, Officer Snyder drove him to the Penn Hills Police Station for a breath test.

The breath test was administered by Officer Diulus, the intoxilyzer operator. According to the testimony of Officer Snyder, Officer Diulus read the Implied Consent warnings to Mondini. Both officers and Mondini signed the DL–26 form containing the warnings. Officer Snyder testified that Officer Diulus explained how to perform the breath test to Mondini by showing him where the mouth piece was located, that he was to blow into it with a force great enough to activate the machine, and that he was to continue blowing until the machine tone sounded. Mondini attempted to complete the breath test three or four times but ultimately did not provide a sufficient sample. Officer Snyder told Mondini to blow harder, but Mondini contends he was blowing hard enough. Mondini and Officer Snyder agree that his efforts for each attempt were consistent. Upon failing to complete a valid breath test, Mondini was advised that his license would be suspended for refusal to submit to chemical testing.

At trial, DOT's evidence of Mondini's refusal consisted of the testimony of Officer Snyder and the print out from the intoxilyzer machine indicating a deficient sample. Officer Diulus was unavailable to testify and no certificate that the intoxilyz-

er was properly calibrated and functioning is contained in the record. Nevertheless, Officer Snyder testified that in his own experience of witnessing breath tests performed where a sufficient sample was provided, Mondini was not blowing into the mouthpiece with the same force as most people he had witnessed. Mondini testified that he blew with sufficient force, but at trial the judge found Officer Snyder more credible.

██ The sole issue before this Court is whether the trial court made an error of law in finding that DOT had carried its burden of demonstrating refusal by Mondini to submit to chemical testing.[2] This issue boils down to whether DOT satisfied its burden as set forth in *Pappas v. Department of Transportation, Bureau of Driver Licensing,* 669 A.2d 504 (Pa. Cmwlth.1996). We note that while Judge Gallo of the Court of Common Pleas of Allegheny County, in his order dated April 22, 2004, dismissed Mondini's appeal, Judge Gallo's opinion filed September 23, 2004 states that the April 22, 2004 order should be reversed. Upon further review of Mondini's Concise Statement and the trial transcript, Judge Gallo pointed out that DOT did not carry its burden consistent with the case law of this Court in *Pappas.* This Court agrees with the September 23, 2004 opinion of Judge Gallo.

██ In order to sustain a license suspension under the Implied Consent Law, Section 1547(b) of the Vehicle Code, 75 Pa.C.S. § 1547(b), DOT must establish that the driver (1) was arrested for driving under the influence of alcohol, (2) was asked to submit to the breathalyzer test,

**2.** This Court's standard of review is limited to determining whether the trial court's findings are supported by competent evidence, whether errors of law have been committed or whether the trial court's determinations demonstrate a manifest abuse of discretion. *Finnegan v. Department of Transportation, Bureau*

*of Driver Licensing,* 844 A.2d 645 (Pa.Cmwlth. 2004) (citing *Mazza v. Department of Transportation, Bureau of Driver Licensing,* 692 A.2d 251 (Pa.Cmwlth.1997)), *petition for allowance of appeal denied,* 551 Pa. 172, 709 A.2d 887 (1998).

(3) refused to do so, and (4) was specifically warned that a refusal would result in the suspension of his driver's license. *Postgate v. Department of Transportation, Bureau of Driver* Licensing, 781 A.2d 276 (Pa.Cmwlth.2001), *petition for allowance of appeal denied,* 568 Pa. 689, 796 A.2d 320 (2002). Mondini argues that DOT has not carried its burden in proving that he refused testing by failing to provide a sufficient sample. In *Pappas,* this Court stated, "A refusal is supported by substantial evidence where the breathalyzer *administrator* testifies that the licensee did not provide sufficient breath." *Pappas,* 669 A.2d at 508 (emphasis added). The *Pappas* Court went on to state, "Alternatively, DOT may establish refusal under these circumstances by presenting a printout from a *properly calibrated* breathalyzer indicating a 'deficient sample.'" *Id.* (emphasis added). In the instant case, DOT has failed to present either the testimony of the administrator of the test, Officer Diulus, or to demonstrate that the intoxilyzer machine was properly calibrated. The testimony of Officer Snyder, which did not address calibration of the intoxilyzer machine, is insufficient based on the test set forth in *Pappas* above. Officer Snyder was not the administrator of the test and therefore cannot establish the necessary foundation that would allow this Court to rely on the printout as proof that Mondini supplied an insufficient sample.

Accordingly, the order of the Court of Common Pleas of Allegheny County is reversed.

### ORDER

AND NOW, this 1st day of March 2005, the order of the Court of Common Pleas of Allegheny County is reversed.