# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William M. Lore, : 
                Appellant : 
                             : 
        v. : No. 392 C.D. 2015
                             : Submitted: July 24, 2015
Commonwealth of Pennsylvania, : 
Department of Transportation, : 
Bureau of Driver Licensing : 

BEFORE: HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE P. KEVIN BROBSON, Judge
                 HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                 **FILED: August 27, 2015**

Appellant William Lore (Lore) appeals from an order of the Court of Common Pleas of Lehigh County (trial court). The trial court denied Lore's statutory appeal from the two-year suspension of his license by the Pennsylvania Department of Transportation (DOT). We affirm the trial court's order.

On January 21, 2014, Lore was convicted of two separate charges of violating Section 13(a)(30) of the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780-113(a)(30) (Drug Act). The two charges and convictions related to Lore's sale of marijuana on January 6, 2011, and

January 20, 2011.[1]  On March 27, 2014, DOT mailed two separate notices of suspension to Lore.  The first notice advised Lore that DOT was suspending his license for a one-year period, effective May 1, 2014, based on the conviction for the January 6, 2011 drug sale.  The second notice advised Lore that DOT was suspending his license for an additional one-year period, effective May 1, 2015, based on the conviction for the January 20, 2011 drug sale.  This notice also advised Lore that the suspension "is in addition to any other suspension already on your record," *i.e.*, the one-year suspension effective May 1, 2014 imposed for the January 6, 2011 drug sale conviction.  DOT based its determination of the length of suspension on Section 1532(c) of the Vehicle Code, 75 Pa. C.S. § 1532(c), which provides for enhanced suspensions where a licensee has had previous convictions for certain crimes under the Drug Act.  Lore had a previous drug-related adjudication as a juvenile, for which he had also received a six-month license suspension in 2003.  (R.R. at 11a.)

Lore appealed both suspension notices, and the trial court conducted a hearing.  During the hearing, DOT introduced a packet of certified exhibits, which included certified copies of Lore's juvenile conviction and suspension and the more recent 2014 convictions and suspensions.  (R.R. at 1a-18a.)  Lore testified regarding the circumstances surrounding his 2014 convictions.  Lore testified that with both charges he "walked into the same house and met the same individual and delivered marijuana to him."  (R.R. at 25a.)  The individual to whom Lore sold the

---

[1] As indicated in the colloquy during the trial court's hearing, the certification of the dates of the violations were mistakenly identified as one day earlier than the dates on the criminal informations related to the violations.  The parties appear to agree that the violations occurred on January 6, 2011 and January 20, 2011, rather than January 5, 2011 and January 19, 2011. (Reproduced Record (R.R.) at 23a-24a.)

2

marijuana was an undercover officer with the Lehigh County Drug Task Force. (R.R. at 26a.)

In argument before the trial court, Lore's counsel did not dispute the fact of Lore's convictions, but argued that DOT should not have regarded the two convictions as separate convictions for the purpose of suspension of Lore's license. Additionally, Lore's counsel argued that Section 1532(c)(2) of the Vehicle Code, the statutory provision under which DOT imposed the suspension, is ambiguous, such that DOT should not have imposed a two-year consecutive suspension. The trial court rejected Lore's legal arguments, and he appealed to this Court.

In this appeal,[2] Lore raises the same two issues: (1) whether Section 1532(c)(2) of the Vehicle Code creates an ambiguity regarding the impact on suspension terms resulting from a juvenile adjudication, such that DOT should not have applied the suspension enhancements described in that provision; and (2) whether the two 2014 convictions constitute the same criminal episode, such that DOT was not authorized to impose separate suspensions for the two convictions.

Section 1532(c) of the Vehicle Code provides:

(c) Suspension.—The department shall suspend the operating privileges of any person upon receiving a certified record of the person's conviction of any offense involving the sale, delivery, offering for sale, holding for sale or giving away of any controlled substance under the laws of the United States, this Commonwealth or any

___

[2] Our standard of review on appeal from a final determination of the trial court in an operating privilege suspension appeal is limited to determining whether the necessary findings of fact are supported by competent evidence, whether the trial court committed an error of law, or whether the trial court manifestly abused its discretion. *Hatalski v. Dep't of Transp., Bureau of Driver Licensing*, 666 A.2d 386 (Pa. Cmwlth. 1995).

3

other state, or any person 21 years of age or younger upon receiving a certified record of the person's conviction or adjudication of delinquency under 18 Pa. C.S. § 2706 (relating to terroristic threats) committed on any school property, including any public school grounds, during any school sponsored activity or on any conveyance providing transportation to a school entity or school-sponsored activity.

(1) The period of suspension shall be as follows:

(i) For a first offense, a period of six months from the date of the suspension.

(ii) For a second offense, a period of one year from the date of the suspension.

(iii) For a third offense and any subsequent offense thereafter, a period of two years from the date of suspension.

(2) For the purposes of this subsection, the term "conviction" shall include any conviction or adjudication of delinquency *for any of the offenses listed in paragraph (1)*, whether in this Commonwealth or any other Federal or state court.

(Emphasis added.)

Lore argues that the italicized reference to paragraph "(1)" renders Section 1532(c)(2) ambiguous. Lore contends that the only paragraph that is designated as "(1)" does not include a list of offenses. Lore asserts, therefore, that the Court should interpret the provision in the manner most favorable to him. In so doing, Lore urges the Court to conclude that the enhanced suspension aspects of Section 1532(c) of the Vehicle Code should not apply to him.

4

DOT argues that the provision is not ambiguous, and that, even if the Court agrees that Section 1532(c)(2) is ambiguous, the proper and only reasonable interpretation is that the reference to paragraph (1) means the specific offenses identified in the first paragraph of Section 1532(c) of the Vehicle Code.

In *Klinger v. Department of Transportation, Bureau of Driver Licensing*, 856 A.2d 280 (Pa. Cmwlth. 2004), this Court noted that Subsection (c) of Section 1532 of the Vehicle Code "establishes the list of offenses that require a license suspension . . . arising from convictions" under the Drug Act. *Klinger*, 856 A.2d at 283. In *Klinger*, the Court considered a licensee's challenge to a suspension based upon the General Assembly's use of the word "conviction" in Section 1532(c)(2) of the Vehicle Code, arguing that his guilty plea did not constitute a conviction for the purpose of license suspension. In that discussion, we noted

> that (c)(2) references the offenses listed in subparagraph (1), but that subparagraph (1) does not list any offenses. Despite this error, it seems clear that (c)(2) means to reference the offenses listed in the introductory portion of (c). As the language of (c)(2), in large measure mirrors portions of this introductory Section, we read the two Sections together.

*Id.* Similarly, in *Keim v. Department of Transportation, Bureau of Driver Licensing*, 887 A.2d 834 (Pa. Cmwlth. 2005), where a licensee challenged a suspension based on the claim that the specific crime of which he was convicted (relating to the *manufacture* of a controlled substance as opposed to the sale or delivery of a controlled substance) was not listed in the preamble paragraph of Section 1532(c) of the Vehicle Code, we noted that in *Klinger* we had concluded that the General Assembly's "intent was to refer to the offenses listed in the introductory portion of subsection (c)." *Keim*, 887 A.2d at 838.

5

As suggested by the discussion in those decisions, this Court has acknowledged the reference in Subsection (c)(2) to subparagraph (1) to be a mistaken reference to the preamble paragraph of Section 1532(c) of the Vehicle Code. Although the Court may not have specifically addressed the question of whether the provision creates an ambiguity that requires the Court to engage in statutory construction, it is clear that the Court has considered the mistaken reference and concluded that the reference is an error in legislative drafting, and that the meaning of Subsection (c)(2) is nevertheless clear. Thus, even if the provision contains an ambiguity, we have concluded that the General Assembly's intent was obvious and that the reference to paragraph (1) is meant to refer to the preamble, un-numbered initial paragraph of Section 1532(c) of the Vehicle Code. Consequently, we conclude that the trial court did not err in rejecting this argument.

Lore also contends that the trial court erred in concluding that the two convictions constituted separate criminal episodes for the purpose of application of the suspension enhancement of Section 1532(c) of the Vehicle Code. Relying upon *Freundt v. Department of Transportation, Bureau of Driver Licensing*, 883 A.2d 503 (Pa. 2005), Lore argues that the two convictions arose out of a single criminal episode and, thus, could not support DOT's two-year suspension of Lore's license.

In *Freundt*, the licensee had been charged and convicted of misappropriating drugs from her employer over a period of several months. The Court reasoned that the conduct constituted a single episode based upon the fact that the employer could not conclusively demonstrate the particular dates of the

6

misappropriations and the criminal charges did not specify different dates for the discrete drugs the licensee had taken.

On the other hand, this Court has held that DOT has an initial burden to submit evidence showing that convictions arose from conduct on different dates, and a licensee may seek to demonstrate that the charges were part of a single criminal episode. *Gregg v. Dep't of Transp., Bureau of Driver Licensing*, 851 A.2d 253, 256 (Pa. Cmwlth. 2004). We have also held that "where separate acts occur on different dates, they are separate offenses for the purpose of Section 1532(c)." *Giambrone v. Dep't of Transp., Bureau of Driver Licensing*, 929 A.2d 1265, 1269 (Pa. Cmwlth. 2007), (holding that DOT properly imposed suspensions on licensee who fraudulently obtained prescription medications on separately identifiable dates using different aliases), *appeal denied*, 945 A.2d 173 (Pa. 2008). Thus, we cannot conclude that the trial court erred in concluding that the two convictions constituted separate criminal episodes where the convictions were based on separate sales of a controlled substance on different dates.[3]

---

[3] We note that our Supreme Court has recently addressed the application of the merger doctrine to license suspensions under other subsections of Section 1532 of the Vehicle Code, but has not overruled the basic notion that the single criminal episode doctrine applies to suspensions imposed under Section 1532(c) of the Vehicle Code. *Bell v. Dep't of Transp., Bureau of Driver Licensing*, 96 A.3d 1005, 1019-1020 n.18 (Pa. 2014) (explaining that Supreme Court did "not re-examine the single criminal episode analysis as it has been employed in the context of Section 1532(c), because DOT has not questioned herein the propriety of its application to operating privilege suspensions that arise from convictions under [the Drug Act]."). Accordingly, our decisions analyzing the issue of whether the convictions upon which DOT has imposed enhanced suspensions constitute multiple criminal episodes or a single criminal episode, as in *Gregg* and *Giambrone*, remain applicable.

Accordingly, we affirm the order of the trial court.


_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William M. Lore,                           :
                    Appellant             :
                                          :
            v.                            :    No. 392 C.D. 2015
                                          :
Commonwealth of Pennsylvania,             :
Department of Transportation,             :
Bureau of Driver Licensing                :

## **O R D E R**

AND NOW, this 27th day of August, 2015, the order of the Court of Common Pleas of Lehigh County is AFFIRMED.

_____
P. KEVIN BROBSON, Judge